JEFFREY GRANT (SBN 218974)
jgrant@foxrothschild.com
JOHN SHAEFFER (SBN 138331)
jshaeffer@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:   310-598-4150
Facsimile:    310-556-9828

KEVIN M. SUTEHALL (SBN 244394)
ksutehall@foxrothschild.com
MARK J. CONNOT (*admitted pro hac vice*)
mconnot@foxrothschild.com
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:   702-262-6899
Facsimile:    702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc.*
*and David Park*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NORTH BAY CREDIT UNION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MRB DIRECT, INC., a Nevada corporation; DAVID PARK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:23-cv-01951 DOC ADS<br><br>The Honorable David O. Carter<br><br>**DEFENDANT MRB DIRECT, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[FILED CONCURRENTLY WITH [PROPOSED] ORDER]*<br><br>Date:          January 29, 2024<br>Time:          8:30 a.m.<br>Courtroom:   10A |

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

**TO: PLAINTIFF, HONORABLE COURT, AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 29, 2024 at 8:30 a.m., or as soon thereafter as the parties may be heard, before the United States District Court for the Central District of California, United States District Court Judge David O. Carter, in Courtroom 10A, located at the Ronald Reagan Federal Building and United States Courthouse 411 West Fourth Street, Santa Ana, CA, Defendant MRB Direct, Inc. ("MRB") will and hereby does move under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), and 12(b)(3) to dismiss this case for failure to state a claim upon which relief can be granted, and improper venue.  As set forth in the attached Memorandum of Points and Authorities, this Court should dismiss Plaintiff North Bay Credit Union's ("Plaintiff's") Complaint for Intentional Interference with Prospective Economic Advantage, Negligent Interference with Prospective Economic Advantage, Violations of Business & Professions Code Sections 17200, *et seq*., and Declaratory Relief.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, [Proposed] Order, all of the pleadings, papers and other materials on file in this action, and such argument, evidence and additional matters that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 24, 2023, at which time MRB's counsel addressed the grounds for dismissal that are set forth below.  Counsel also conferred on October 30, 2023, primarily for the FRCP 26(f) conference, at which time undersigned counsel asked Plaintiff's counsel if the latter had any response to

/ /

/ /

/ /

/ /

**DEFENDANT MRB DIRECT, INC'S MOTION TO DISMISS**

the previously-discussed motion to dismiss.  The parties did not come to an agreement.

DATED this 15th day of November, 2023.

**FOX ROTHSCHILD LLP**


*/s/ John Shaeffer*
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:    310-598-4150
Facsimile:     310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:    702-262-6899
Facsimile:     702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc.
and David Park*

**DEFENDANT MRB DIRECT, INC'S MOTION TO DISMISS**

## TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.    INTRODUCTION ...........................................................................1

II.   RELEVANT PROCEDURAL HISTORY ...........................................1

III.  THE COMPLAINT SHOULD BE DISMISSED...............................1

      A.   Plaintiff fails to State a Claim Upon Which Relief May
           be Granted Against MRB ...............................................................1

      B.   The First Cause of Action, for Intentional Interference
           with Prospective business advantage, Should be
           Dismissed........................................................................................4

      C.   The Second Cause of Action, for Negligent Interference
           with Prospective Economic Advantage, Should be
           Dismissed........................................................................................7

      D.   The Third Cause of Action, for Violations of California
           Business & Professions Code Sections 17200, is Not
           Pleaded With Particularity.............................................................8

      E.   Plaintiff's First, Second, and Third Causes of Action
           Also Fail Because They Are Wrongfully Predicated on
           an Alleged Breach of Contract .....................................................10

      F.   Plaintiff's Claim for Declaratory Relief is Not a Proper
           Cause of Action .............................................................................12

      G.   California is the Improper Venue for these Causes of
           Action.............................................................................................13

CONCLUSION.........................................................................................15

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AK Futures LLC v. LCF Labs Inc.*
   (C.D. Cal. 06/24/2022) 8:21-cv-02121-JVS, 2022 WL 2784409 ......................11

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   No. CV 10–5696 CRB, 2013 WL 3460707 (N.D.Cal. July 9,
   2013) ..............................................................................................................6

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal.4th 503 (1994) ....................................................................................10

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
   47 Cal.App.4th 464 (1996) ...........................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........................2, 3

*Babb v. Wachovia Mortg., FSB*,
   No. SA CV 12-02038 BRO, 2013 WL 3985001 (C.D. Cal. July
   26, 2013) ........................................................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...........................2, 3

*BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*,
   No. CV10–01053 SI, 2010 WL 3853025 (N.D. Cal. Sept. 29,
   2010) ..............................................................................................................6

*Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*,
   No. 11–CV–565–L–WVG, 2011 WL 5360074 (S.D. Cal. Nov. 3,
   2011) ..............................................................................................................7

*Bohara v. Backus Hosp. Med. Benefit Plan*,
   390 F.Supp.2d 957 (C.D. Cal. 2005)..............................................................13

*Buckaloo v. Johnson*,
   14 Cal. 3d 815, 122 Cal. Rptr. 745, 537 P.2d 865 (1975), 141 F.3d
   1316 (9th Cir. 1998) ......................................................................................4

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Carbajal v. HSBC Bank USA, N.A.*,
    No. CV16-9297 PSG (FFM), 2017 WL 7806586 (C.D. Cal. May
    16, 2017) ................................................................................................. 12

*City of Cotati v. Cashman*,
    29 Cal.4th 69 (2002) ............................................................................... 13

*Colby v. Newman*,
    Case No. CV 11-07413, 2013 WL 12125529 (C.D. Cal. Aug. 29,
    2013) ........................................................................................................ 10

*Damabeh v. 7–Eleven, Inc.*,
    No. 12–CV–01739 LHK, 2013 WL 1915867 (N.D.Cal. May 8,
    2013) ...................................................................................................... 6, 7

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995) ....................... 5

*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*,
    71 Cal.App.5th 528 (2021) ..................................................................... 11

*Eichman v. Fotomat Corp.*,
    871 F.2d 784 (9th Cir. 1989) .................................................................... 4

*Foley v. Interactive Data Corp.*,
    47 Cal.3d 654 (1988) ......................................................................... 10, 11

*Freeman & Mills, Inc. v. Belcher Oil Co.*,
    11 Cal.4th 85 (1995) .......................................................................... 10, 11

*Gemini Aluminum Corp. v. California Custom Shapes, Inc.*,
    95 Cal.App.4th 1249, 116 Cal. Rptr. 2d 358 (2002) ................................ 5

*Hollins v. Recontrust, N.A.*,
    No. CV 11-945 PSG, 2011 WL 1743291 (C.D. Cal. May 6, 2011) ......... 12

*Hsu v. OZ Optics Ltd.*,
    211 F.R.D. 615 (N.D. Cal. 2002) .............................................................. 5

*Ingels v. Westwood One Broad. Serv., Inc.*,
    129 Cal.App.4th 1050, 28 Cal. Rptr. 3d 933 (2005) ................................. 9

*J'Aire Corp. v. Gregory*
    (1979) 24 Cal.3d 799, 157 Cal. Rptr. 407, 598 P.2d 60 .......................... 8

iii

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009)......................................................................8, 9

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003)..............................5, 9

*Mangindin v. Washington Mutual Bank*,
    637 F.Supp.2d 700 (N.D. Cal. 2009)................................................................12

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004).........................................................................14

*N. Am. Chem. Co. v. Superior Ct.*,
    59 Cal.App.4th 764, 69 Cal. Rptr. 2d 466 (1997)..............................................7

*Panavision Int'l, L.P. v. Toeppen*,
    945 F.Supp. 1296 (C.D.Cal.1996).....................................................................4

*Peterson v. Boeing Co.*,
    715 F.3d 276 (9th Cir. 2013)...........................................................................14

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir. 1979)...........................................................................14

*Progeny Ventures, Inc. v. Wesberg Union Fin. Servs., Inc.*,
    752 F.Supp.2d 1127 (C.D. Cal. 2010)..............................................................12

*San Francisco Design Ctr. Associates v. Portman Companies*,
    41 Cal.App.4th 29, 50 Cal.Rptr.2d 716 (1995)..................................................5

*Stolz v. Wong Commc'ns Ltd. P'ship*,
    25 Cal.App.4th 1811, 31 Cal. Rptr. 2d 229 (1994)............................................8

*Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.*
    (2006) 143 Cal.App.4th 1036...........................................................................11

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007)............................................................................9

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)...........................................................................9

*Westside Ctr. Associates v. Safeway Stores 23, Inc.*,
    42 Cal.App.4th 507, 49 Cal. Rptr. 2d 793 (1996)...........................................5, 6

iv

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Youst v. Longo,*
43 Cal.3d 64, 233 Cal.Rptr. 294, 729 P.2d 728 (1987)........................................4

**Statutes**

28 U.S.C. § 1391........................................................................................... 14

28 U.S.C. § 1391(b)....................................................................................... 13

28 U.S.C. § 1404(a) ................................................................................. 14, 15

28 U.S.C. § 1406(a) ......................................................................................... 15

Cal. Bus. & Prof. Code § 17200 ...................................................................... 9

Cal. Bus. & Prof. Code §§ 17200–17210...........................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8................................................................................................ 2

Fed. R. Civ. P. 8(a)(2)................................................................................. 2, 3

Fed. R. Civ. P. 9(b) ................................................................................. 6, 8, 9

Fed. R. Civ. P. 12(b)(3) ......................................................................... 1, 13, 14

Fed. R. Civ. P. 12(b)(6) .................................................................................. 1

v

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

MRB moves the Court to dismiss Plaintiff North Bay Credit Union's Complaint pursuant to FRCP 12(b)(6) and 12(b)(3).  Plaintiff fails to state a claim against MRB upon which relief may be granted.  Additionally, venue is improper, and the matter should be dismissed or alternatively transferred to Nevada.

### II.   RELEVANT PROCEDURAL HISTORY

Plaintiff filed its Complaint (the "Complaint"[1]) in the Superior Court of the State of California, Orange County, on August 9, 2023.  *See* Complaint, ECF No. 1-2, at 4-13.  The Complaint contains four causes of action for: (1) intentional interference with prospective economic advantage; (2) negligent interference with prospective economic advantage; (3) "Violation of California Business & Professions Code Sections 17200, et seq."; and (4) declaratory relief.[2]

Before appearing in the California state court, MRB and David Park ("Mr. Park") filed Defendants' Notice of Removal of Civil Action from State Court, on October 13, 2023.  ECF No. 1.

### III.   THE COMPLAINT SHOULD BE DISMISSED

#### A.   *Plaintiff fails to State a Claim Upon Which Relief May be Granted Against MRB*

FRCP 12(b)(6) provides that "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party

---

[1] Understanding that allegations in complaints are generally accepted as true at least for FRCP 12(b)(6) purposes, for the avoidance of doubt, MRB denies the allegations in the Complaint and preserves all arguments.

[2] Separate from the arguments raised in this Motion, Plaintiff's claims are subject to a broad arbitration clause in subsection 12.12 of the Master Subscription Agreement (publicly available at: https://www.mrbdirect.com/msa) between MRB and Greenbax (defined below).  MRB reserves all rights to move to compel arbitration before the appropriate forum.

1

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

may assert the following defenses by motion… (6) failure to state a claim upon which relief can be granted." FRCP 8(a)(2) ("Claim for Relief"), in turn, requires that "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the United States Supreme Court discussed and expounded on its prior decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) as follows:

> As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with

2

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-670, 129 S. Ct. at 1949-1950 (internal citations omitted).

Plaintiff's factual allegations about what MRB did or did not do are not plausible on their face and are conclusory. Additionally, the Complaint contains precisely the kind of threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, that *Iqbal* and *Twombly* hold are inadequate to overcome a motion to dismiss.

MRB is a software company that operates a banking platform which, per the Complaint, "maintains Greenbax's online banking platform, which allows customers to access their accounts, view deposits, withdrawals and balances, and transfer funds (the "Platform")." Complaint, ¶ 10. Aside from scattered references to "Defendants", discussed further below, the Complaint contains only fleeting references to MRB. Paragraphs 11-14 of the Complaint discuss the breakdown of the relationship between MRB and Greenbax based on Greenbax's failure to pay amounts outstanding to MRB.[3] Then, paragraph 14 of the Complaint introduces

---

[3] HigherGrowth LLC d/b/a Greenbax Marketplace, Inc. ("Greenbax") and MRB are parties to confidential proceedings instituted in another forum, the details of

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

but fails to a name a "third party entity" that allegedly told Plaintiff's customers things in relation to the disabling of the Greenbax platform.

Problematically, the Complaint lumps together Mr. Park, MRB, and unnamed "Doe defendants" in what the Plaintiffs define as the plural "Defendants." Complaint, ¶ 4. The Complaint then repeatedly uses the term "Defendants" when making allegations, never specifying which defendant (MRB or Mr. Park or the Doe defendants) supposedly did what. This failure to identify which defendant allegedly did what further compounds the problem of Plaintiff's vague factual allegations and legal claims and renders it impossible for MRB to defend the claims against it. For this reason, the Complaint should be dismissed.

### B.    The First Cause of Action, for Intentional Interference with Prospective business advantage, Should be Dismissed

Plaintiff has failed to plead a claim for intentional interference with prospective business advantage. To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege "(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." *Panavision Int'l, L.P. v. Toeppen,* 945 F.Supp. 1296, 1305 (C.D.Cal.1996) (citing *Eichman v. Fotomat Corp.,* 871 F.2d 784, 800 (9th Cir. 1989); *Youst v. Longo,* 43 Cal.3d 64, 71 n. 6, 233 Cal.Rptr. 294, 729 P.2d 728 (1987); *Buckaloo v. Johnson,* 14 Cal. 3d 815, 826–29, 122 Cal. Rptr. 745, 537 P.2d 865 (1975)), aff'd, 141 F.3d 1316 (9th Cir. 1998).

---

which cannot be divulged here but which can be provided for the Court's *in camera* consideration if requested.

4

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

It is "settled that an affirmative defense to the tort of interference with prospective economic advantage is the privilege of competition." *San Francisco Design Ctr. Associates v. Portman Companies,* 41 Cal.App.4th 29, 40, 50 Cal.Rptr.2d 716 (1995). It is equally settled that, to "defeat the privilege the defendant's conduct [had to] be unlawful or illegitimate." *Id.* at 42, 50 Cal.Rptr.2d 716. In *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995), the California Supreme Court "disapproved of treating the defendant's justification, or privilege to interfere with prospective economic relations as an affirmative defense. Rather, '[i]n light of the particular importance of free competition in the area of noncontractual business relations, it held instead that... 'a plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself.' " *Gemini Aluminum Corp. v. California Custom Shapes, Inc.,* 95 Cal.App.4th 1249, 1256, 116 Cal. Rptr. 2d 358 (2002) (quoting *Westside Ctr. Associates v. Safeway Stores 23, Inc.,* 42 Cal.App.4th 507, 521 n. 16, 49 Cal. Rptr. 2d 793 (1996) (in turn citing *Della Penna,* 11 Cal. 4th at 393, 45 Cal. Rptr. 2d 436, 902 P.2d 740 (emphasis in *Gemini* removed)). Stated differently, after *Della Penna,* the competition privilege is no longer an affirmative defense; "[i]t is ... the plaintiff's burden to prove, as an element of the cause of action itself, that the defendant's conduct was independently wrongful." *Hsu v. OZ Optics Ltd.,* 211 F.R.D. 615, 620 (N.D. Cal. 2002).

Plaintiff has failed to allege any conduct that is "wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna,* 11 Cal.4th at 393, 45 Cal.Rptr.2d 436, 902 P.2d 740. To satisfy this element, Plaintiff must plead conduct "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin*

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Corp.,* 29 Cal.4th 1134, 1159, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003). Plaintiff has not done so.

While fraud and misrepresentation can constitute independently wrongful conduct to support a claim for intentional interference with prospective economic advantage, those allegations must satisfy FRCP 9(b). *See BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*, No. CV10–01053 SI, 2010 WL 3853025, at *3 (N.D. Cal. Sept. 29, 2010). In the Complaint, Plaintiff has not adequately pled a separate cause of action such as fraud as the basis of independently wrongful conduct, therefore it fails to allege a cause of action for interference with prospective business relations.

Further, the claim must be dismissed because Plaintiff does not identify any prospective business relationship with which MRB allegedly interfered. "Courts have held that, in order to state a claim for intentional interference with prospective business advantage, it is essential that the [claimant] allege facts showing that [d]efendant interfered with [a] relationship with a particular individual." *Damabeh v. 7–Eleven, Inc.,* No. 12–CV–01739 LHK, 2013 WL 1915867, at *10 (N.D.Cal. May 8, 2013); *see also Amaretto Ranch Breedables, LLC v. Ozimals, Inc.,* No. CV 10–5696 CRB, 2013 WL 3460707, at *7 (N.D.Cal. July 9, 2013) ("In order to state a claim for intentional interference with prospective business advantage, it is essential that the plaintiff allege facts showing that the defendant interfered with the plaintiff's relationship with a particular individual"). Allegations that a defendant interfered with a relationship with a "prospective" customer will not suffice. See, e.g., *Westside Ctr. Associates v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507, 527, 49 Cal.Rptr.2d 793 (1996) ("Without an existing relationship with an identifiable buyer, [plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit'"). None of Plaintiff's customers nor the purported prospective customers have been identified. Indeed, Plaintiff offers no allegations

6

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

that MRB itself did anything to interfere with Plaintiff's prospective business relationships.  Accordingly, the claim should be dismissed against MRB.

### C.   *The Second Cause of Action, for Negligent Interference with Prospective Economic Advantage, Should be Dismissed*

The tort of negligent interference with prospective business advantage has many of the same elements as an intentional interference with prospective business advantage claim. To plead such a claim adequately, a plaintiff must allege that "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *N. Am. Chem. Co. v. Superior Ct.*, 59 Cal.App.4th 764, 786, 69 Cal. Rptr. 2d 466 (1997).

As with a claim for intentional interference with prospective business advantage, "a plaintiff alleging negligent interference with prospective business advantage must identify with particularity the relationships or opportunities with which [d]efendant is alleged to have interfered." *Damabeh,* 2013 WL 1915867, at *10; *Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.,* No. 11–CV–565–L–WVG, 2011 WL 5360074, at *5 (S.D. Cal. Nov. 3, 2011) (finding an "allegation that the defendant interfered with 'speculative' future customers [was] insufficient" to plead negligent interference with prospective business advantage). Because no specific relationships are alleged, the court should dismiss this claim as deficiently pled.

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

Furthermore, in California, "the tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care." *Stolz v. Wong Commc'ns Ltd. P'ship*, 25 Cal.App.4th 1811, 1825, 31 Cal. Rptr. 2d 229, 238 (1994) (citing *J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 803, 157 Cal. Rptr. 407, 598 P.2d 60.)  Plaintiff's Complaint does not allege that MRB (or Mr. Park) owed any duty, including a duty of care, to Plaintiff. Accordingly, the claim should be dismissed.

### D. The Third Cause of Action, for Violations of California Business & Professions Code Sections 17200, is Not Pleaded With Particularity

Plaintiff's third cause of action, for nonspecific violations of California Business & Professions Code Sections 17200, *et seq.*, should be dismissed because it is not pleaded with particularity.  Paragraph 31 of Plaintiff's Complaint, within the third cause of action, alleges that "Defendants continue to deny North Bay's prospective customers access to their online accounts at Greenbax and the ability to transfer funds to North Bay based upon their express directions. These activities constitute unlawful, unfair *and fraudulent* business acts and practices under California Business and Professions Code sections 17200, *et seq.*" (emphasis added).  Paragraphs 32 and 33 also reference "unlawful, unfair or fraudulent business acts and practices."

Pursuant to FRCP 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted).  The Ninth

8

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

Circuit in *Kearns* specifically held that "the UCL [Cal. Bus. & Prof. Code §§ 17200–17210] prohibits 'unlawful, unfair or fraudulent business act[s] or practice[s]' and 'unfair, deceptive, untrue or misleading advertising.' Rule 9(b)'s particularity requirement applies to these state-law causes of action. In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Kearns*, 567 F.3d at 1125 (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-1105 (9th Cir. 2003)).

Additionally, California courts have repeatedly held that claims rooted in Section 17200 must plead or allege that a business practice independently forbidden by law has occurred. *Babb v. Wachovia Mortg., FSB*, No. SA CV 12-02038 BRO, 2013 WL 3985001, at *7 (C.D. Cal. July 26, 2013) (*citing Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1143, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003)). Similarly, defendants cannot be found liable for committing "unlawful business practices" under Section 17200 without having violated another law. *Id.* (citing *Ingels v. Westwood One Broad. Serv., Inc.,* 129 Cal.App.4th 1050, 1060, 28 Cal. Rptr. 3d 933 (2005)).

Like all of the Complaint, the third cause of action is nonspecific. It fails to allege what provision of California Business & Professions Code Sections 17200, et seq., either defendant allegedly violated. It fails to identify what MRB allegedly did that violated any particular provision of California Business & Professions Code Sections 17200, et seq. The Complaint lacks the "the who, what, when, where, and how" required in claims averring fraud.

Further, where a complaint has multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal citations, quotations marks, and alterations omitted). "In the

9

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." *Colby*, No. CV 11-07413, 2013 WL 12125529, at *4 (internal citations, quotation marks, and alterations omitted). Here, Plaintiffs have not differentiated what fraudulent actions were taken by MRB and which have been taken by Mr. Park, and instead conflates them with unnamed Doe defendants.

Accordingly, the third cause of action should be dismissed as to MRB.

### E.   Plaintiff's First, Second, and Third Causes of Action Also Fail Because They Are Wrongfully Predicated on an Alleged Breach of Contract

A tort claim cannot be predicated upon a breach of a contract. *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal.App.4th 464, 479 (1996) ("A contracting party's unjustified failure or refusal to perform is a breach of contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business."); *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 93 (1995) ("Subsequent opinions of this court indicate a continuing reluctance . . . to authorize tort recovery for noninsurance contract breaches."). "Conduct amounting to a breach of contract becomes tortious *only when it also violates an independent duty arising from principles of tort law*." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515 (1994) (emphasis added). Further, motive, regardless of how malevolent, remains irrelevant to a breach of contract claim and does not convert a contract action into a tort claim exposing the breaching party to liability for punitive damages. *Arntz*, *supra*, 47 Cal.App.4th at 477.

"The distinction between tort and contract is well grounded in common law, and divergent objectives underlie the remedies created in the two areas.  Whereas contract actions are created to enforce the intentions of the parties to the agreement, tort law is primarily designed to vindicate 'social policy.'" *Foley v.*

10

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Interactive Data Corp.*, 47 Cal.3d 654, 683 (1988). Thus, "[c]ourts traditionally have awarded damages for breach of contract to compensate the aggrieved party rather than to punish the breaching party." *Id.*; *see Freeman*, 11 Cal.4th at 94 (noting that the *Foley* court reached its conclusion by "rel[ying] in part on certain basic principles relevant to contract law, including the need for predictability about the cost of contractual relationships, and the purpose of contract damages to compensate the injured party rather than punish the breaching party."). "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations. Instead, courts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." *Stop Loss Ins. Brokers, Inc. v. Brown & Toland Med. Grp.* (2006) 143 Cal.App.4th 1036, 1041 (internal quotation marks omitted).

"Because a bare breach of contract, without more, is not tortious, such a breach cannot constitute independently wrongful conduct capable of giving rise to the tort of intentional interference with a prospective economic advantage" or an interference with contract claim where no independent wrongfulness is required. *Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.*, 71 Cal.App.5th 528, 539 (2021); *AK Futures LLC v. LCF Labs Inc*. (C.D. Cal. 06/24/2022) 8:21-cv-02121-JVS, 2022 WL 2784409, *8 ("A parties' alleged breach of contract, without more, cannot support a tort, including tortious interference with contract.").

Plaintiff's Complaint is entirely predicated on the contractual relationship between MRB and Greenbax. Complaint, ¶¶ 9-13. The Complaint first describes the MRB-Greenbax contractual relationship and then makes allegations about its deterioration. *Id*. Paragraph 14 of the Complaint alleges that an unnamed "third party entity" told certain things to Greenbax customers. Paragraphs 16 and 18 of

11

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

the Complaint refer to MRB shutting down or turning off the Greenbax platform, and the alleged impact the shutdown had on the Greenbax customers.

It is abundantly clear that the Complaint filed by NBCU (the majority interest holder in Greenbax) seeks to convert Greenbax's alleged breach of the Greenbax-MRB agreement into tort claims by NBCU against MRB and Mr. Park. The Complaint is devoid of any allegations about what MRB did that are separate from the contractual dispute between MRB and Greenbax.  As alluded to above and below, Greenbax is pursuing contractual claims against MRB in another forum.  Here, NBCU (the majority interest holder in Greenbax) manufactures tort claims against MRB for exercising its contractual rights as to Greenbax, and it does so without alleging any specific conduct that MRB engaged in to support such claims.   This is yet another reason why Plaintiff's claims should be dismissed.

### F.      Plaintiff's Claim for Declaratory Relief is Not a Proper Cause of Action

The court should dismiss the declaratory relief claim because it is not an independent claim but rather a form of relief which is already asserted in Plaintiff's other causes of action—specifically, the third cause of action alleging Violation of California Business & Professions Code Sections 17200, et seq. *See Progeny Ventures, Inc. v. Wesberg Union Fin. Servs., Inc.*, 752 F.Supp.2d 1127, 1135 (C.D. Cal. 2010) ("[D]eclaratory relief is a remedy and not a cause of action[.]"), *Hollins v. Recontrust, N.A.*, No. CV 11-945 PSG (PLAx), 2011 WL 1743291, at *2 (C.D. Cal. May 6, 2011). As such, "a claim for declaratory relief is improper where...the claim merely replicates other substantive causes of action asserted in the pleading." *Id.; Carbajal v. HSBC Bank USA, N.A.*, No. CV16-9297 PSG (FFM), 2017 WL 7806586, at *6 (C.D. Cal. May 16, 2017); *Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707–08 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some

12

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

other cause of action"); *see also City of Cotati v. Cashman*, 29 Cal.4th 69, 80 (2002) (dismissing plaintiff's declaratory relief claim as duplicative and unnecessary because the claim, which sought a declaration that defendants had no right to foreclose, was "entirely commensurate with the relief sought through other causes of action").

Plaintiff seeks a declaration that Defendants should allow Plaintiff's customers and prospective customers access to their online accounts serviced by Greenbax and not interfere with any transfer of their funds to other existing or new accounts with Plaintiff. Complaint, ¶ 38. The third cause of action for Violation of California Business & Professions Code Sections 17200, *et seq.*, requests similarly, "that the Court order Defendants to cease and desist from denying Plaintiff's customers access to their funds online and the ability to transfer funds to North Bay and disgorge their profits therefrom." Complaint, ¶ 32.

Since declaratory relief is a form of relief that is already being sought through the Complaint's third cause of action, the claim should be dismissed as to MRB.

### G. *California is the Improper Venue for these Causes of Action*

Even if the Court decides Plaintiff sufficiently pleaded its causes of actions in the Complaint, the Court should dismiss or transfer the matter because California is the improper venue. Venue in federal court is governed by 28 U.S.C. § 1391(b). 28 U.S.C. § 1391(b) generally allows for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

A defendant may move to dismiss for improper venue under FRCP 12(b)(3). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. *See Bohara v. Backus Hosp. Med.*

13

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

*Benefit Plan,* 390 F.Supp.2d 957, 960 (C.D. Cal. 2005) *(citing Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491 (9th Cir. 1979)).

In determining whether venue is proper under § 1391, disputed facts are viewed in the light most favorable to the non-moving party, and district courts draw all reasonable inferences and resolve factual disputes in favor of the nonmoving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). However, the non-moving party's pleadings need not be accepted as true and the court may consider extrinsic materials when considering a motion to dismiss for improper venue brought under Rule. 12(b)(3). *Peterson v. Boeing Co.*, 715 F.3d 276, 279 (9th Cir. 2013).

Neither of the Defendants are California residents. MRB is a Nevada corporation with its principal place of business in Henderson, Nevada. Complaint, ¶ 2. Mr. Park is a resident of Las Vegas, Nevada.  Park Decl.  The events alleged in the Complaint that occurred in California, if any, were peripheral at best. Therefore, this Court is an improper venue for this matter.

Alternatively, even if venue were technically proper, the allegations of the complaint strongly suggest that Nevada is a more convenient forum pursuant to 28 U.S.C. § 1404(a). That statute provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Nevada is where the Defendants reside, and where Defendants' alleged actions occurred. Nevada would be more convenient venue for the interest of justice. Additionally, as noted above, MRB is a party to a confidential proceeding initiated by Greenbax outside of California[4] which encompasses facts and allegations that Plaintiff asserts in the Complaint.  Maintaining venue in California

---

[4] *See* FNs 2 and 3.

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

would require a duplication of efforts, including requiring unnecessary travel for hearings and discovery for the same issues of fact that can be more conveniently resolved elsewhere. Therefore, this Court should grant this Motion to Dismiss or in the alternative transfer this case to the United States District Court of Nevada pursuant to 28 U.S.C. § 1406(a) or § 1404(a).

## CONCLUSION

For the foregoing reasons, MRB respectfully request that the Court dismiss the Complaint against it. Alternatively, if the court decides not to dismiss the case, MRB respectfully requests that the case be transferred to the United States District Court of Nevada.

DATED this 15th day of November, 2023.

**FOX ROTHSCHILD LLP**

*/s/ John Shaeffer*
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:   310-598-4150
Facsimile:    310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:   702-262-6899
Facsimile:    702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc.
and David Park*

15

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for MRB Direct, Inc., certifies that this brief contains 4,670 words, which complies with the word limit of L.R. 11-6.1.

DATED this 15th day of November, 2023.

**FOX ROTHSCHILD LLP**

*/s/ John Shaeffer*
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:   310-598-4150
Facsimile:   310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:   702-262-6899
Facsimile:   702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc.
and David Park*

16

**DEFENDANT MRB DIRECT, INC.'S MOTION TO DISMISS**