JEFFREY GRANT (SBN 218974)
jgrant@foxrothschild.com
JOHN SHAEFFER (SBN 138331)
jshaeffer@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:  310-598-4150
Facsimile:   310-556-9828

KEVIN M. SUTEHALL (SBN 244394)
ksutehall@foxrothschild.com
MARK J. CONNOT (*admitted pro hac vice*)
mconnot@foxrothschild.com
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:  702-262-6899
Facsimile:   702-597-5503
*Attorneys for Defendants MRB Direct, Inc.*
*and David Park*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| NORTH BAY CREDIT UNION, a California nonprofit corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>MRB DIRECT, INC., a Nevada corporation; DAVID PARK, an individual; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 8:23-cv-01951 DOC ADS<br><br>The Honorable David O. Carter<br><br>**DEFENDANT DAVID PARK'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[FILED CONCURRENTLY WITH DECLARATION OF DAVID PARK AND [PROPOSED] ORDER]*<br><br>Date:          January 29, 2024<br>Time:          8:30 a.m.<br>Courtroom:   10A |

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

**TO: PLAINTIFF, HONORABLE COURT, AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 29, 2024 at 8:30 a.m., or as soon thereafter as the parties may be heard, before the United States District Court for the Central District of California, United States District Court Judge David O. Carter, in Courtroom 10A, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, Defendant David Park ("Mr. Park") will and hereby does move under rule Federal Rule of Civil Procedure ("FRCP") 12(b)(5), 12(b)(2) 12(b)(6), and 12(b)(3) to dismiss for insufficient service of process, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and for improper venue.  As set forth in the attached Memorandum of Points and Authorities, this Court should dismiss Plaintiff North Bay Credit Union's ("Plaintiff's") Complaint for Intentional Interference with Prospective Economic Advantage, Negligent Interference with Prospective Economic Advantage, Violations of Business & Professions Code Sections 17200, *et seq*., and Declaratory Relief.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, [Proposed] Order, and Declaration of David Park, all of the pleadings, papers and other materials on file in this action, and such argument, evidence and additional matters that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 24, 2023, at which time MRB's counsel addressed the grounds for dismissal that are set forth below.  Counsel also conferred on October 30, 2023, primarily for the FRCP 26(f) conference, at which time

/ /

/ /

/ /

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

undersigned counsel asked Plaintiff's counsel if the latter had any response to the previously-discussed motion to dismiss.  The parties did not come to an agreement.

DATED this 15th day of November, 2023.

**FOX ROTHSCHILD LLP**


*/s/ John Shaeffer*
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:   310-598-4150
Facsimile:    310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:   702-262-6899
Facsimile:    702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc. and David Park*

3

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

# TABLE OF CONTENTS

I.      INTRODUCTION ..........................................................................................1

II.     RELEVANT PROCEDURAL HISTORY .................................................1

III.    THE COMPLAINT SHOULD BE DISMISSED ........................................1

        A.      Plaintiff Failed to Serve the Summons and Complaint on Mr. Park ...1

        B.      Mr. Park is Not Subject to this Court's Personal Jurisdiction ............3

                1.      The Court Lacks General Jurisdiction Over Mr. Park...............4

                2.      The Court Lacks Specific Personal Jurisdiction Over
                        Mr. Park ...................................................................................5

        C.      Plaintiff Fails to State a Claim Upon Which Relief May be Granted
                Against Mr. Park ...............................................................................7

        D.      The First Cause of Action, for Intentional Interference with
                Prospective Economic Advantage, Should be Dismissed .................12

        E.      The Second Cause of Action, for Negligent Interference with
                Prospective Economic Advantage, Should be Dismissed .................14

        F.      The Third Cause of Action, for Violations of California Business &
                Professions Code Sections 17200, is Not Pleaded With Particularity
                ............................................................................................16

        G.      Plaintiff's Claim for Declaratory Relief is Not a Proper Cause of
                Action...............................................................................................18

        H.      California is the Improper Venue for these Causes of Action...........19

IV.     CONCLUSION ..............................................................................20

i

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
   No. CV 10–5696 CRB, 2013 WL 3460707 (N.D. Cal. July 9,
   2013) .................................................................................................. 14

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................ 7, 8, 9

*Babb v. Wachovia Mortg., FSB*,
   No. SA CV 12-02038 BRO, 2013 WL 3985001 (C.D. Cal. July
   26, 2013) ............................................................................................. 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................ 7, 8, 9

*BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*,
   No. CV10–01053 SI, 2010 WL 3853025 (N.D. Cal. Sept. 29,
   2010) .................................................................................................. 13

*Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*,
   No. 11–CV–565–L–WVG, 2011 WL 5360074 (S.D. Cal. Nov. 3,
   2011) .................................................................................................. 15

*Bohara v. Backus Hosp. Med. Benefit Plan*,
   390 F. Supp. 2d 957 (C.D. Cal. 2005) ...................................................... 19

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San
   Francisco Cnty.*,
   582 U.S. 255, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017) ............................ 4

*Buckaloo v. Johnson*,
   14 Cal.3d 815, 122 Cal. Rptr. 745, 537 P.2d 865 (1975) .............................. 12

*Carbajal v. HSBC Bank USA, N.A.*,
   No. CV16-9297 PSG (FFM), 2017 WL 7806586 (C.D. Cal. May
   16, 2017) ............................................................................................. 18

*City of Cotati v. Cashman*,
   29 Cal.4th 69 (2002) ............................................................................. 18

ii

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

*Colby v. Newman*,
    No. CV 11-07413, 2013 WL 12125529, at \*4 (C.D. Cal. Aug. 29,
    2013) ....................................................................................................... 17

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) ..................................... 4

*Damabeh v. 7–Eleven, Inc.*,
    No. 12–CV–01739 LHK, 2013 WL 1915867 (N.D. Cal. May 8,
    2013) ................................................................................................. 14, 15

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    11 Cal. 4th 376, 45 Cal. Rptr. 2d 436, 902 P.2d 740 (1995) ......................... 12, 13

*Eichman v. Fotomat Corp.*,
    871 F.2d 784 (9th Cir. 1989) ....................................................................... 12

*Fernandez v. Tox Corp.*,
    No. CV-22-9079-DMG-AFMX, 2023 WL 4141067 (C.D. Cal.
    June 15, 2023) ............................................................................................ 5

*Gemini Aluminum Corp. v. California Custom Shapes, Inc.*,
    95 Cal. App. 4th 1249, 116 Cal. Rptr. 2d 358 (2002) ....................................... 13

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz
    Choloma, S.A.*,
    972 F.3d 1101 (9th Cir. 2020) ............................................................... 4, 6, 7

*Gutierrez v. Amplify Energy Corp.*,
    634 F. Supp. 3d 780 (C.D. Cal. 2022) .............................................................. 3

*Hollins v. Recontrust, N.A.*,
    No. CV 11-945 PSG, 2011 WL 1743291 (C.D. Cal. May 6, 2011) .................. 18

*Hsu v. OZ Optics Ltd.*,
    211 F.R.D. 615 (N.D. Cal. 2002) .................................................................. 13

*Ingels v. Westwood One Broad. Serv., Inc.*,
    129 Cal. App. 4th 1050, 28 Cal. Rptr. 3d 933 (2005) ....................................... 17

*J'Aire Corp. v. Gregory*
    24 Cal. 3d 799, 157 Cal. Rptr. 407, 598 P.2d 60 (1979) ................................... 15

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................... 16

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003)........................13, 17

*Mangindin v. Washington Mutual Bank*,
   637 F.Supp.2d 700 (N.D. Cal. 2009)...............................................................18

*Murphy v. Schneider Nat'l, Inc.*,
   362 F.3d 1133 (9th Cir. 2004) ........................................................................19

*N. Am. Chem. Co. v. Superior Ct.*,
   59 Cal. App. 4th 764, 69 Cal. Rptr. 2d 466 (1997) ...........................................15

*Panavision Int'l, L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) .....................................................................4, 12

*Panavision Int'l, L.P. v. Toeppen*,
   945 F.Supp. 1296 (C.D. Cal. 1996)..................................................................12

*Peterson v. Boeing Co.*,
   715 F.3d 276 (9th Cir. 2013) ..........................................................................19

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979)...........................................................................19

*Progeny Ventures, Inc. v. Wesberg Union Fin. Servs., Inc.*,
   752 F. Supp. 2d 1127 (C.D. Cal. 2010)............................................................18

*San Francisco Design Ctr. Associates v. Portman Companies*,
   41 Cal. App. 4th 29, 50 Cal.Rptr.2d 716 (1995) ...............................................12

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ........................................................................3, 6

*Stolz v. Wong Commc'ns Ltd. P'ship*,
   25 Cal. App. 4th 1811, 31 Cal. Rptr. 2d 229 (1994) .........................................15

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..........................................................................17

*Wasson v. Riverside Cnty.*,
   237 F.R.D. 423 (C.D. Cal. 2006) ......................................................................3

*Westside Ctr. Associates v. Safeway Stores 23, Inc.*,
   42 Cal. App. 4th 507, 49 Cal. Rptr. 2d 793 (1996).......................................13, 14

iv

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

*Whidbee v. Pierce Cnty.*,
    857 F.3d 1019 (9th Cir. 2017) .......................................................................... 2

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ....................................................................... 3, 6

*Youst v. Longo*,
    43 Cal.3d 64, 233 Cal. Rptr. 294, 729 P.2d 728 (1987) ................................... 12

*Zorikova v. Kineticflix, LLC*,
    No. 2:19-CV-04214-ODWGJSX, 2019 WL 5102572 (C.D. Cal.
    Oct. 10, 2019) .................................................................................................. 2

**Statutes**

28 U.S.C. § 1391(b) ............................................................................................. 19

28 U.S.C. § 1404(a) ............................................................................................. 20

28 U.S.C. § 1406(a) ............................................................................................. 20

Cal. Bus. & Prof. Code §§ 17200–17210 ............................................................. 16

Cal. Civ. Proc. Code § 415.10 ............................................................................... 2

Cal. Civ. Proc. Code § 415.20(b) ........................................................................... 2

California Business & Professions Code Sections 17200, et seq. ........... 1, 16, 17, 18

**Other Authorities**

Fed. R. Civ. P. 9(b) .................................................................................... 13, 16, 17

Fed. R. Civ. P. 8(a)(2) ........................................................................................ 7, 8

Fed. R. Civ. P. 12(b)(2) ....................................................................................... 1, 5

Fed. R. Civ. P. 12(b)(3) ...................................................................................... 1, 19

Fed. R. Civ. P. 12(b)(5) ....................................................................................... 1, 3

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 1, 7

Fed. R. Civ. P. 8 ................................................................................................. 7, 8

U.S. Constitution .................................................................................................. 4

v

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Mr. Park moves the Court to dismiss this case for insufficient service of process, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and for improper venue under FRCP 12(b)(5), 12(b)(2), 12(b)(6), and 12(b)(3). This Motion is supported by the Declaration of David Park ("Park Decl."), filed concurrently as Exhibit A.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff filed its Complaint (the "Complaint"[1]) in the Superior Court of the State of California, Orange County, on August 9, 2023. *See* Complaint, ECF No. 1-2, at 4-13. The Complaint contains four causes of action for: (1) intentional interference with prospective economic advantage; (2) negligent interference with prospective economic advantage; (3) "Violation of California Business & Professions Code Sections 17200, et seq."; and (4) declaratory relief.

Before appearing in the California state court, Mr. Park and MRB Direct, Inc. ("MRB") filed Defendants' Notice of Removal of Civil Action from State Court on October 13, 2023. ECF No. 1.

## III. THE COMPLAINT SHOULD BE DISMISSED

### A. *Plaintiff Failed to Serve the Summons and Complaint on Mr. Park*

Plaintiff failed to personally serve Mr. Park. Plaintiff's process server allegedly left a copy of the Summons and Complaint at a residential address in Laguna Beach, California, on or about September 16, 2023. *See* Proof of Service Summons, ECF No. 1-2 at 18-19. The documents were allegedly served on "Lisa Park".[2] ECF No. 1-2 at 20. Plaintiff's process server also purportedly mailed a

---

[1] Understanding that allegations in complaints are generally accepted as true at least for FRCP 12(b)(6) purposes, for the avoidance of doubt, Mr. Park denies the allegations in the Complaint and preserves all arguments.

[2] Mr. Park does not know who "Lisa Park", the person identified in the certificate of service, is. Park Decl.

1

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

copy of the Summons and Complaint to the same residential address in Laguna Beach, California on September 20, 2023. ECF No. 1-2 at 22.

Mr. Park is not a resident of the address at which Plaintiff attempted to serve him, and has never resided there. *See* Park Decl.[3] Mr. Park is a resident of Las Vegas, Nevada. *Id*. The address where Plaintiff purported to serve Mr. Park in California is a residence occupied by Kimmie Park, with whom Mr. Park has been separated for years, and their daughter. *Id*. Ms. Kimmie Park told the process server that Mr. Park did not reside at the home, but the process server was undeterred and dropped the Summons and Complaint on the porch after stating something to the effect of: "I was told to just leave it." *Id*. Kimmie Park initially made Mr. Park aware of the improperly served Complaint. *Id*.

When a case is removed from state court to federal court, state law governs the question of whether pre-removal service of process was sufficient. *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Service on Mr. Park was attempted before the matter was removed, so California state law governs. Cal. Civ. Proc. Code § 415.10 provides that "a summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery." Cal. Civ. Proc. Code § 415.20(b), which Plaintiff and its process server presumably rely upon for service on Mr. Park, provides in relevant party that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, . . . in the presence of a competent member of the household . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail,

---

[3] "Unless the defect in service is established on the face of the return, defendant's motion to dismiss (or 'quash service') must be supported by declaration or other form of admissible evidence establishing the lack of proper service." *Zorikova v. Kineticflix, LLC*, No. 2:19-CV-04214-ODWGJSX, 2019 WL 5102572, at *2 (C.D. Cal. Oct. 10, 2019).

2

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.[4]

Because the residential address in Laguna Beach at which Plaintiff purported to serve Mr. Park is not his residence, dwelling, usual place of abode, or mailing address, service was improper.

Because Plaintiff failed to serve Mr. Park, the Court lacks jurisdiction over him and therefore should dismiss the Complaint against him for insufficient service of process pursuant to FRCP 12(b)(5). *E.g.*, *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006) (nonparty's motion should be granted under Rule 12(b)(5) since plaintiffs never served a proper summons and complaint on it, "thus, plaintiffs have not properly served process on nonparty . . ., and this Court has no jurisdiction over [it].")

### B.    Mr. Park is Not Subject to this Court's Personal Jurisdiction

"Under [FRCP] 12(b)(2), a defendant may seek dismissal for lack of personal jurisdiction. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Gutierrez v. Amplify Energy Corp.*, 634 F. Supp. 3d 780, 784 (C.D. Cal. 2022); *see also Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006).

The Ninth Circuit has summarized the standard for personal jurisdiction:

> Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. Because California's long-arm statute allows the exercise of personal jurisdiction to

---

[4] Incidentally, the record is devoid of any suggestion that the Summons and Complaint could not with reasonable diligence be personally delivered to Mr. Park.

3

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

> the full extent permissible under the U.S. Constitution, our inquiry centers on whether exercising jurisdiction comports with due process.
>
> Federal due process permits a court to exercise personal jurisdiction over a nonresident defendant if that defendant has at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.' Those contacts may be so continuous and systematic as to render a defendant essentially at home in the forum state and amenable to any suit there. Alternatively, a court may exercise jurisdiction over issues deriving from, or connected with, the very controversy that establishes jurisdiction.
>
> The Supreme Court has referred to these different bases for personal jurisdiction as 'general' and 'specific' jurisdiction.

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106–07 (9th Cir. 2020) (internal citations omitted).

### 1.    *The Court Lacks General Jurisdiction Over Mr. Park*

Because the Complaint does not specify whether Mr. Park is subject to any Court's general or specific personal jurisdiction, both are addressed.  Either way, the Court lacks personal jurisdiction over Mr. Park.

"General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998), *holding modified by Yahoo! Inc.*, 433 F.3d 1199. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017).  "Only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 760, 187 L. Ed. 2d 624 (2014)

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Per the Park Decl.[5], Mr. Park is not domiciled in California, nor has he had continuous or systematic contacts with the state. Mr. Park is a resident of Nevada. Park Decl. Mr. Park is registered to vote in Nevada and his driver's license was issued by the state of Nevada. *Id*. He has never resided in California. *Id*. As noted above, Mr. Park does not reside at the home in Laguna Beach, California at which Plaintiff attempted to serve him. *Id*. Indeed, Mr. Park's personal connection with the state is that his adult children live in California, and he periodically visits them here, perhaps a few times per year. *Id*.

If relevant, it also bears noting that Mr. Park has minimal business contacts with California. Mr. Park is not an officer, director, or employee of any California business entities. *Id*. Mr. Park recalls traveling to California a single meeting with Greenbax and/or Plaintiff's employees in either 2022 or earlier in 2023, well before the events at issue in the Complaint allegedly occurred. *Id*. Mr. Park has not been to California since sometime before July 2023. *Id*.

Because Mr. Park is not domiciled in California and because his activities in the state are neither substantial or continuous and systematic, he is not subject to this Court's general personal jurisdiction.

### 2. The Court Lacks Specific Personal Jurisdiction Over Mr. Park

The Ninth Circuit uses a three-prong test for analyzing specific jurisdiction:

> First, [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

---

[5] "When adjudicating a motion to dismiss brought pursuant to Rule 12(b)(2), a district court may consider evidence outside of the pleadings, including affidavits submitted by the parties, and may order discovery on jurisdictional issues. Although for purposes of assessing a motion to dismiss, the facts in the Complaint are generally accepted as true, the court may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Fernandez v. Tox Corp.*, No. CV-22-9079-DMG-AFMX, 2023 WL 4141067, at *3 (C.D. Cal. June 15, 2023) (internal citations omitted).

5

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

> Second, the claim must arise out of or relate to the defendant's forum-related activities. Finally, the exercise of jurisdiction must be reasonable. The plaintiff must satisfy the first two prongs of this test. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable."

*Glob. Commodities Trading Grp., Inc.*, 972 F.3d at 1107; *see also* S*chwarzenegger,* 374 F.3d at 802. In tort cases like this, "we typically inquire whether a defendant purposefully direct[s] his activities at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc.*, 433 F.3d at 1206.

Plaintiff makes no allegations in the Complaint suggesting that Mr. Park is subject to this Court's specific personal jurisdiction. As discussed below, the Complaint is largely devoid of allegations about what Mr. Park did or did not do. The Complaint also lacks any allegations about what activities Mr. Park purposefully directed, what transactions Mr. Park consummated, or what effects of any such activities or transactions caused, in California. Plaintiff fails to allege any acts by which Mr. Park purposefully availed himself of the privilege of conducting activities in the California. Additionally, Plaintiff fails to assert any claim that arises out of, or relates to, any activity Mr. Park engaged in within California.

To the extent Plaintiff asserts that Mr. Park's alleged actions or role with MRB subject him to the Court's specific jurisdiction, that argument also fails. In paragraph 3 of the Complaint, Plaintiff's sole jurisdictional allegation against Mr. Park, Plaintiff (falsely[6]) asserts that "Mr. Park is an officer, director, or managing agent of MRB, and he personally directed or participated in the business activities of MRB, including those activities alleged herein." The Complaint fails to identify what activities Mr. Park allegedly directed or participated in individually or with respect to MRB, whether in California or elsewhere.

---

[6] Park Decl.

6

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

"Personal jurisdiction over an individual who acts as an agent of a third party must be assessed on the individual's actions alone. We do not impute a corporation's forum contacts to each of the corporation's employees. Instead, we assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice." *Glob. Commodities Trading Grp., Inc.*, 972 F.3d at 1109. The Complaint asserts that Mr. Park holds a title with MRB, but fails to describe any minimum contacts that Mr. Park had with California. Exercising jurisdiction over Mr. Park would not comport with traditional notions of fair play and substantial justice. The Court lacks specific personal jurisdiction over him.

### C.    *Plaintiff Fails to State a Claim Upon Which Relief May be Granted Against Mr. Park*

Although the Court lacks jurisdiction over Mr. Park, additional bases for dismissal of the Complaint are discussed in an abundance of caution.

Per FRCP 12(b)(6), "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion… (6) failure to state a claim upon which relief can be granted." FRCP 8(a)(2) ("Claim for Relief"), in turn, requires that "a pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the United States Supreme Court discussed and expounded on its prior decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) as follows:

> As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

tenders "naked assertion[s]" devoid of "further factual enhancement."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-670, 129 S. Ct. at 1949-1950 (internal citations omitted).

The Complaint contains no factual allegations about what Mr. Park did or did not do, is not plausible on its face, and is conclusory.  The Complaint contains

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

precisely the kind of threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, that *Iqbal* and *Twombly* hold are inadequate to overcome a motion to dismiss.

The Complaint has very few references to Mr. Park. Paragraph 3 of the Complaint (incorrectly) asserts that "Plaintiff is informed and believes and thereupon alleges that defendant David Park . . . is an individual residing in Irvine in the County of Orange, California. Plaintiff is further informed and believes that Mr. Park is an officer, director, or managing agent of MRB[7], and he personally directed or participated in the business activities of MRB, including those activities alleged herein." In paragraph 7, Plaintiff again falsely asserts that venue is proper in Orange County because "Mr. Park resides in this jurisdiction." Paragraph 9 alleges that Plaintiff sold a 25% interest in non-party Higher Growth, LLC dba Greenbax Marketplace ("Greenbax"), "to Fintech Fund II, an entity controlled by Park." None of these paragraphs assert any actions, let alone wrongdoing, and they appear solely to attempt to support jurisdictional and venue provisions relating to Mr. Park.

The remainder of the Complaint is directed at MRB, Mr. Park's co-defendant. MRB is, per the Complaint, a software company that operates a banking platform which "maintains Greenbax's online banking platform, which allows customers to access their accounts, view deposits, withdrawals and balances, and transfer fund." Complaint, ¶ 10. Aside from generic references to "Defendants", discussed further below, paragraphs 11-14 of the Complaint do not mention Mr. Park and instead discuss the breakdown of the relationship between Greenbax and its software provider, MRB, based on Greenbax's failure to pay amounts outstanding to MRB.[8]

---

[7] This is false. *See* infra.

[8] Greenbax and MRB are parties to confidential proceedings instituted in another forum, the details of which cannot be divulged here but which can be provided for the Court's *in camera* consideration if requested.

9

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Indeed, paragraph 14 of the Complaint introduces but fails to a name a "third party entity" that allegedly told Plaintiff's customers things in relation to the disabling of the Greenbax platform.

The next reference to Mr. Park is in paragraph 15, which confusingly alleges that:

> North Bay is informed and believes that Defendants were conspiring with others to usurp North Bay's customer relationships by purposefully and wrongfully either refusing to transfer funds to North Bay, or significantly delaying availability to any funds transfers made to North Bay for at least *one month.* At the same time, Defendants, via the express direction of David Park, and their co-conspirators were offering "immediate access" to funds if the customers would open accounts with one of Defendants ' related entities.

Paragraph 15 vaguely references a conspiracy between "Defendants", Mr. Park (himself a defendant), and unnamed others, who allegedly undertook unidentified acts to delay availability of funds to customers while offering immediate access if customers did business with unnamed entities.  Plaintiff also alleges that "Defendants, via the express direction of David Park, and their [unnamed] co-conspirators" offered a service to customers.  Perhaps this allegation suggests that Mr. Park directed the only other named defendant, MRB, to do something, or maybe that Mr. Park directed himself to do something.  Either way, Plaintiff does not allege that MRB (or Mr. Park, for that matter) is a bank or financial institution that can "open accounts", rendering confusing allegations indecipherable.

Paragraph 16 contains the next reference to Mr. Park, alleging that:

> Furthermore, the timing of Defendants' shutdown of the Platform was strategically calculated to inflict the most harm by holding North Bay's customers and prospective customers' funds 'hostage' for a month if they opted to transfer their funds to their North Bay accounts. Defendants, via David Park, and their co-conspirators did this while simultaneously and falsely promising that the existing and prospective North Bay customers' funds would be immediately available *if* the customers opted to open an account with one of Defendants' affiliated entities. . . .

10

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

This paragraph names Mr. Park, but fails to allege that he did or did not do anything. The reference to "Defendants, via David Park, and their co-conspirators did this…" is again particularly confusing because Mr. Park is named as a defendant, and the only other defendant is MRB. Defendants, including Mr. Park, are left to speculate who they allegedly conspired with and what they supposedly conspired to do.

The only other reference to Mr. Park in the Complaint is in paragraph 23, one of several paragraphs within Plaintiff's first cause of action for intentional interference with prospective economic advantage. Paragraph 23 asserts that "as a direct and proximate result of Defendants' acts and omissions, all as personally directed or participated in by Mr. Park, Plaintiffs business has been disrupted and Plaintiff has suffered and continues to suffer injury, has expended significant monetary sums, and has lost business and goodwill, all in an amount to be proven at trial." Like the remainder of the Complaint, paragraph 23 fails to assert that Mr. Park did or omitted to do anything. Instead, it is a boilerplate recitation of elements of a claim, with the words "all as personally directed or participated in by Mr. Park" tacked on. The Complaint does not identify what Mr. Park actually "personally directed or participated in."

The remainder of the Complaint is devoid of any additional allegations against Mr. Park. Nowhere in the second, third, or fourth cause of action does his name appear.

In summary, setting aside jurisdictional, venue, and definitional-type allegations appearing above the "General Allegations" cutoff line, there are precisely four references to Mr. Park in Plaintiff's Complaint. None of those four references identify or describe any particular conduct in which Mr. Park allegedly engaged. One merely alleges that Mr. Park controls a non-party. The three others vaguely assert that the "Defendants" undertook unspecified acts at Mr. Park's direction.

11

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Perhaps most problematically, the Complaint lumps together Mr. Park, MRB, and unnamed "Doe defendants" in what the Plaintiffs define as the plural term "Defendants." Complaint, ¶ 4. The Complaint then repeatedly uses the term "Defendants" when making allegations, never specifying which defendant (MRB or Mr. Park or someone else) supposedly did what. This failure to identify which defendant allegedly did what further compounds Plaintiff's vague factual allegations and legal claims. For this reason, the Complaint should be dismissed.

### D. The First Cause of Action, for Intentional Interference with Prospective Economic Advantage, Should be Dismissed

Plaintiff has failed to plead a claim for intentional interference with prospective business advantage. To plead a claim for intentional interference with prospective business advantage, a plaintiff must allege "(1) a specific economic relationship between the plaintiff and some third person containing the probability of future economic benefit to the plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages proximately caused by the defendant's acts." *Panavision Int'l, L.P. v. Toeppen,* 945 F.Supp. 1296, 1305 (C.D. Cal. 1996) (citing *Eichman v. Fotomat Corp.,* 871 F.2d 784, 800 (9th Cir. 1989); *Youst v. Longo,* 43 Cal.3d 64, 71 n. 6, 233 Cal. Rptr. 294, 729 P.2d 728 (1987); *Buckaloo v. Johnson,* 14 Cal.3d 815, 826–29, 122 Cal. Rptr. 745, 537 P.2d 865 (1975)), aff'd, 141 F.3d 1316 (9th Cir. 1998).

It is "settled that an affirmative defense to the tort of interference with prospective economic advantage is the privilege of competition." *San Francisco Design Ctr. Associates v. Portman Companies,* 41 Cal. App. 4th 29, 40, 50 Cal.Rptr.2d 716 (1995). It is equally settled that, to "defeat the privilege the defendant's conduct [had to] be unlawful or illegitimate." *Id.* at 42, 50 Cal. Rptr. 2d 716. In *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal. 4th 376, 45 Cal. Rptr. 2d 436, 902 P.2d 740 (1995), the California Supreme Court "disapproved of

12

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

treating the defendant's justification, or privilege to interfere with prospective economic relations as an affirmative defense. Rather, '[i]n light of the particular importance of free competition in the area of noncontractual business relations, it held instead that... 'a plaintiff seeking to recover for an alleged interference with prospective contractual or economic relations must plead and prove as part of its case-in-chief that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself.'" *Gemini Aluminum Corp. v. California Custom Shapes, Inc.,* 95 Cal. App. 4th 1249, 1256, 116 Cal. Rptr. 2d 358 (2002) (quoting *Westside Ctr. Associates v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507, 521 n. 16, 49 Cal. Rptr. 2d 793 (1996) (in turn citing *Della Penna,* 11 Cal. 4th at 393, 45 Cal. Rptr. 2d 436, 902 P.2d 740 (emphasis in *Gemini* removed)). Stated differently, after *Della Penna,* the competition privilege is no longer an affirmative defense; "[i]t is ... the plaintiff's burden to prove, as an element of the cause of action itself, that the defendant's conduct was independently wrongful." *Hsu v. OZ Optics Ltd.,* 211 F.R.D. 615, 620 (N.D. Cal. 2002).

Plaintiff has failed to allege any conduct that is "wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna,* 11 Cal. 4th at 393, 45 Cal. Rptr. 2d 436, 902 P.2d 740.  To satisfy this element, Plaintiff must plead conduct "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1159, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (2003).  Plaintiff has not done so.

While fraud and misrepresentation can constitute independently wrongful conduct to support a claim for intentional interference with prospective economic advantage, those allegations must satisfy Federal Rule of Civil Procedure 9(b)).  *See BioResource, Inc. v. U.S. PharmaCo Distribution, Ltd.*, No. CV10–01053 SI, 2010 WL 3853025, at *3 (N.D. Cal. Sept. 29, 2010).  Here, Plaintiff has not adequately pled a separate cause of action such as fraud as the basis of independently wrongful

13

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

conduct, therefore it fails to allege a cause of action for interference with prospective business relations.

Further, the claim must be dismissed because Plaintiff does not identify any prospective business relationship with which it interfered. "Courts have held that, in order to state a claim for intentional interference with prospective business advantage, it is essential that the [claimant] allege facts showing that [d]efendant interfered with [a] relationship with a particular individual." *Damabeh v. 7–Eleven, Inc.,* No. 12–CV–01739 LHK, 2013 WL 1915867, at *10 (N.D. Cal. May 8, 2013); *see also Amaretto Ranch Breedables, LLC v. Ozimals, Inc.,* No. CV 10–5696 CRB, 2013 WL 3460707, at *7 (N.D. Cal. July 9, 2013) ("In order to state a claim for intentional interference with prospective business advantage, it is essential that the plaintiff allege facts showing that the defendant interfered with the plaintiff's relationship with a particular individual"). Allegations that a defendant interfered with a relationship with a "prospective" customer will not suffice. *See, e.g., Westside Ctr. Associates,* 42 Cal. App. 4th at 527, 49 Cal. Rptr. 2d 793 ("Without an existing relationship with an identifiable buyer, [plaintiff's] expectation of a future sale was 'at most a hope for an economic relationship and a desire for future benefit'"). Indeed, Plaintiff offers no allegations that Mr. Park or MRB did anything to interfere with Plaintiff's prospective business relationships. None of Plaintiff's customers or purported prospective customers been identified. The claim should be dismissed against Mr. Park.

### E.   The Second Cause of Action, for Negligent Interference with Prospective Economic Advantage, Should be Dismissed

The tort of negligent interference with prospective business advantage has many of the same elements as an intentional interference with prospective business advantage claim. To plead such a claim adequately, a plaintiff must allege that "(1) an economic relationship existed between the plaintiff and a third party which contained a reasonably probable future economic benefit or advantage to plaintiff;

14

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

(2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship and cause plaintiff to lose in whole or in part the probable future economic benefit or advantage of the relationship; (3) the defendant was negligent; and (4) such negligence caused damage to plaintiff in that the relationship was actually interfered with or disrupted and plaintiff lost in whole or in part the economic benefits or advantage reasonably expected from the relationship." *N. Am. Chem. Co. v. Superior Ct.*, 59 Cal. App. 4th 764, 786, 69 Cal. Rptr. 2d 466 (1997).

As with a claim for intentional interference with prospective business advantage, "a plaintiff alleging negligent interference with prospective business advantage must identify with particularity the relationships or opportunities with which [d]efendant is alleged to have interfered." *Damabeh,* 2013 WL 1915867, at *10; *Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.,* No. 11–CV–565–L–WVG, 2011 WL 5360074, at *5 (S.D. Cal. Nov. 3, 2011) (an "allegation that the defendant interfered with 'speculative' future customers [was] insufficient" to plead negligent interference with prospective business advantage). Because no specific relationships are alleged in the Complaint, the Court should dismiss this claim.

Furthermore, in California, "the tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care." *Stolz v. Wong Commc'ns Ltd. P'ship*, 25 Cal. App. 4th 1811, 1825, 31 Cal. Rptr. 2d 229, 238 (1994) (*citing J'Aire Corp. v. Gregory* (1979) 24 Cal. 3d 799, 803, 157 Cal. Rptr. 407, 598 P.2d 60.) Plaintiff's Complaint does not allege that Mr. Park owed any duty, including a duty of care, to Plaintiff. Accordingly, the claim should be dismissed.

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

### F.   The Third Cause of Action, for Violations of California Business & Professions Code Sections 17200, is Not Pleaded With Particularity

Plaintiff's third cause of action, for nonspecific violations of California Business & Professions Code Sections 17200, *et seq.*, should be dismissed because it is not pleaded with particularity.  Paragraph 31 of Plaintiff's Complaint, within the third cause of action, alleges that "Defendants continue to deny North Bay's prospective customers access to their online accounts at Greenbax and the ability to transfer funds to North Bay based upon their express directions. These activities constitute unlawful, unfair *and fraudulent* business acts and practices under California Business and Professions Code sections 17200, *et seq.*" (emphasis added).  Paragraphs 32 and 33 also allege "unlawful, unfair or fraudulent business acts and practices."

Pursuant to FRCP 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.  Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.  A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted).  The Ninth Circuit in *Kearns* specifically held that "the UCL [Cal. Bus. & Prof. Code §§ 17200–17210] prohibits 'unlawful, unfair or fraudulent business act[s] or practice[s]' and 'unfair, deceptive, untrue or misleading advertising.' Rule 9(b)'s particularity requirement applies to these state-law causes of action. In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." *Kearns*, 567 F.3d at 1125.

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

California courts have repeatedly held that claims rooted in Section 17200 must plead or allege that a business practice independently forbidden by law has occurred. *Babb v. Wachovia Mortg., FSB*, No. SA CV 12-02038 BRO, 2013 WL 3985001, at *7 (C.D. Cal. July 26, 2013) (*citing Korea Supply Co.,* 29 Cal. 4th at 1143, 131 Cal. Rptr. 2d 29, 63 P.3d 937). Similarly, defendants cannot be found liable for committing "unlawful business practices" under Section 17200 without having violated another law. *Id.* (citing *Ingels v. Westwood One Broad. Serv., Inc.,* 129 Cal. App. 4th 1050, 1060, 28 Cal. Rptr. 3d 933 (2005)).

Like all of the Complaint, the third cause of action is nonspecific. It fails to allege what provision of California Business & Professions Code Sections 17200, *et seq.*, either defendant allegedly violated. It fails to identify what Mr. Park allegedly did that violated any particular provision of California Business & Professions Code Sections 17200, et seq. The Complaint lacks the "the who, what, when, where, and how" required in claims averring fraud.

Further, where a complaint has multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (internal citations, quotations marks, and alterations omitted). "In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum identify the role of each defendant in the alleged fraudulent scheme." *Colby v. Newman*, No. CV 11-07413, 2013 WL 12125529, at *4 (C.D. Cal. Aug. 29, 2013) (internal citations, quotation marks, and alterations omitted). Here, Plaintiffs have not differentiated what fraudulent actions were taken by Mr. Park and which were taken by MRB, instead conflates both with unnamed Doe defendants.

Accordingly, the third cause of action should be dismissed as to Mr. Park.

17

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

### G. Plaintiff's Claim for Declaratory Relief is Not a Proper Cause of Action

The court should dismiss the declaratory relief claim because it is not an independent claim but rather a form of relief which is already asserted in Plaintiff's other causes of action—specifically, the third cause of action alleging Violation of California Business & Professions Code Sections 17200, et seq. *See Progeny Ventures, Inc. v. Wesberg Union Fin. Servs., Inc.*, 752 F. Supp. 2d 1127, 1135 (C.D. Cal. 2010) ("[D]eclaratory relief is a remedy and not a cause of action[.]"), *Hollins v. Recontrust, N.A.*, No. CV 11-945 PSG (PLAx), 2011 WL 1743291, at *2 (C.D. Cal. May 6, 2011). As such, "a claim for declaratory relief is improper where...the claim merely replicates other substantive causes of action asserted in the pleading." *See id.; Carbajal v. HSBC Bank USA, N.A.*, No. CV16-9297 PSG (FFM), 2017 WL 7806586, at *6 (C.D. Cal. May 16, 2017); *Mangindin v. Washington Mutual Bank*, 637 F.Supp.2d 700, 707–08 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action"); *see also City of Cotati v. Cashman*, 29 Cal.4th 69, 80 (2002) (dismissing plaintiff's declaratory relief claim as duplicative and unnecessary because the claim, which sought a declaration that defendants had no right to foreclose, was "entirely commensurate with the relief sought through other causes of action").

Plaintiff seeks a declaration that Defendants should allow Plaintiff's customers and prospective customers access to their online accounts serviced by Greenbax and not interfere with any transfer of their funds to other existing or new accounts with Plaintiff. *See* Complaint, ¶ 38. The third cause of action for Violation of California Business & Professions Code Sections 17200, *et seq.* requests similarly, "that the Court order Defendants to cease and desist from denying Plaintiff's customers access to their funds online and the ability to transfer funds to North Bay and disgorge their profits therefrom." *See* Complaint, ¶ 32.

18

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Since declaratory relief is a form of relief that is already being sought through the Complaint's third cause of action, the claim should be dismissed as to Mr. Park.

### H. California is the Improper Venue for these Causes of Action

Even if the Court decides Plaintiff did sufficiently plead its causes of actions in the Complaint, the Court should dismiss or transfer the matter because California is the improper venue. Venue in federal court is governed by 28 U.S.C. § 1391(b). 28 U.S.C. § 1391(b) generally allows for venue in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

A defendant may move to dismiss for improper venue under FRCP 12(b)(3). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. *See Bohara v. Backus Hosp. Med. Benefit Plan,* 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005) *(citing Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491 (9th Cir. 1979)).

In determining whether venue is proper under § 1391, disputed facts are viewed in the light most favorable to the non-moving party, and district courts draw all reasonable inferences and resolve factual as in favor of the nonmoving party. *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1138 (9th Cir. 2004). However, the non-moving party's pleadings need not be accepted as true and the court may consider extrinsic materials when considering a motion to dismiss for improper venue brought under Rule. 12(b)(3). *Peterson v. Boeing Co.,* 715 F.3d 276, 279 (9th Cir. 2013).

Neither of the Defendants are residents of California. Mr. Park is a resident of Las Vegas, Nevada. Park Decl. MRB is a Nevada corporation with its principal place of business in Henderson, Nevada. Complaint, ¶ 2. The events alleged in the

19

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Complaint that occurred in California, if any, were peripheral at best. Therefore, this Court is an improper venue for this matter.

Alternatively, even if venue were technically proper, the allegations of the Complaint strongly suggest that Nevada is a more convenient forum pursuant to 28 U.S.C. § 1404(a).  That statute provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Nevada is where the Defendants reside, and where Defendants' alleged actions occurred. Nevada would be more convenient venue for the interest of justice. Maintaining venue in California would require a duplication of efforts, including requiring unnecessary travel for hearings and discovery for the same issues of fact that can be more conveniently resolved elsewhere. Therefore, this Court should grant this Motion to Dismiss or in the alternative transfer this case to the United States District Court of Nevada pursuant to 28 U.S.C. § 1406(a) or § 1404(a).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Park respectfully requests that the Court dismiss the Complaint against him.  Alternatively, if the court decides not to dismiss the case, Mr. Park respectfully requests that the case be transferred to the United States District Court of Nevada.

DATED this 15th day of November, 2023.

**FOX ROTHSCHILD LLP**

*/s/ John Shaeffer*
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067

20

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

Telephone:   310-598-4150
Facsimile:   310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
Telephone:   702-262-6899
Facsimile:   702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc.*
*and David Park*

21

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

The undersigned, counsel of record for David Park, certifies that this brief contains 6,694 words, which complies with the word limit of L.R. 11-6.1.

DATED this 15th day of November, 2023.

FOX ROTHSCHILD LLP

/s/ John Shaeffer
JEFFREY GRANT (SBN 218974)
JOHN SHAEFFER (SBN 138331)
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: 310-598-4150
Facsimile: 310-556-9828
jgrant@foxrothschild.com
jshaeffer@foxrothschild.com

KEVIN M. SUTEHALL (SBN 244394)
MARK J. CONNOT (*admitted pro hac vice*)
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV 89135
Telephone: 702-262-6899
Facsimile: 702-597-5503
ksutehall@foxrothschild.com
mconnot@foxrothschild.com
*Attorneys for Defendants MRB Direct, Inc. and David Park*

22

**DEFENDANT DAVID PARK'S MOTION TO DISMISS**

150696172