BUCHALTER
A Professional Corporation
CHERYL M. LOTT (SBN: 232548)
MATTHEW L. SEROR (SBN: 235043)
DAVID E. MARK (SBN: 247283)
TIA M. GONZALEZ (SBN: 338988)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: clott@buchalter.com
Email: mseror@buchalter.com
Email: dmark@buchalter.com
Email: tgonzalez@buchalter.com

Attorneys for Plaintiff
NORTH BAY CREDIT UNION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTH BAY CREDIT UNION, a California nonprofit corporation,<br><br>       Plaintiff,<br><br>       vs.<br><br>MRB DIRECT, INC., a Nevada corporation; DAVID PARK, an individual; and DOES 1 through 10, inclusive,<br><br>       Defendants. | Case No. 8:23-cv-01951 DOC ADS<br><br>**PLAINTIFF NORTH BAY CREDIT UNION'S OPPOSITION TO DEFENDANT DAVID PARK'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>*[filed concurrently herewith Declarations of Chris Call, Edward Beyer, and Matthew Seror]*<br><br>Date:       January 29, 2024<br>Time:      8:30 a.m.<br>Courtroom: 10A |

Plaintiff North Bay Credit Union ("Plaintiff") hereby opposes Defendant David Park's ("Defendant") Motion to Dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, 12(b)(5) for insufficient service of process and 12(b)(6) for failure to state a claim upon which relief can be granted.

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**    Case No. 8:23-cv-01951 DOC ADS
**TO DISMISS**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................1

II.   Factual background ............................................................3

III.  LEGAL STANDARD ..........................................................3

    A.    12(b)(2) Lack of Personal Jurisdiction ..................................3

        1.    General Jurisdiction ..............................................4

        2.    Specific Jurisdiction.............................................4

    B.    12(b)(6) Failure to State a Claim.........................................5

    C.    12(b)(3) Improper Venue ..................................................6

    D.    12(b)(5) Insufficient Service of Process ..............................7

IV.   SUMMARY OF ARGUMENT ..............................................7

    A.    Mr. Park is Subject to Personal Jurisdiction in California .................7

        1.    General Jurisdiction .............................................7

        2.    Specific Jurisdiction.............................................9

        3.    Mr. Park's Evasive Discovery Responses Support a Denial, or at the Very Least a Deferral, of a Ruling on the Motion......11

    B.    Venue is Proper and Transfer Should be Denied ...........................12

    C.    Service of Process was Sufficient .......................................14

    D.    North Bay Has Pleaded Facts Sufficient to State Claims for Relief...15

        1.    Intentional Interference with Prospective Economic Advantage.....................................................15

        2.    Negligent Interference with Prospective Economic Advantage.....................................................18

        3.    Violation of Business and Professions Code §§ 17200, *et seq.* ............................................................20

        4.    North Bay's First, Second and Third Claims Are Not Predicated on an Alleged Breach of Contract and Therefore Are Not Barred .................................................21

        5.    Declaratory Relief...............................................21

    E.    Jurisdictional Discovery Should Be Granted .................................22

    F.    Alternatively, North Bay Should Be Granted Leave to Amend ........23

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5

i

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION TO DISMISS**     Case No. 8:23-cv-01951 DOC ADS

**Table of Contents continued**

**Page**

V.      CONCLUSION ..................................................................................................23

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5

ii

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION TO DISMISS**     Case No. 8:23-cv-01951 DOC-ADS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Privacy Litig.*,
  66 F.Supp. 3d 1197 (N.D. Cal. 2014)................................................................21

*Aguilar v. Subaru of Am.*,
  2023 Cal. Super LEXIS 60042..........................................................................20

*AT&T Co. v. Compagnie Bruxelles Lambert*,
  94 F.3d 586 (9th Cir. 1996)................................................................................4

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
  223 F.3d 1082 (9th Cir. 2000)............................................................................5

*Barranco v. 3D Systems Corp.*,
  6 F.Supp.3d 1068 (D.Haw. 2014) .......................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................5

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ..........................................................................22

*Brockmeyer v. May*,
  383 F.3d 798 (9th Cir. 2004).............................................................................7

*Burger King v. Rudzewicz*,
  471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) ...................................4

*CYBERsitter, LLC v. P.R.C.*,
  805 F.Supp.2d 958 (C.D. Cal. 2011) ..................................................................5

*Delacruz v. Serv. Corp. Int'l.*,
  2018 U.S. Dist. LEXIS 84172 24 (E.D. Cal. 2018) .........................................22

*Direct Mail Specialists, Inc. v. Eclat Computerized Tech.*,
  840 F.2d 685 (9th Cir. 1988).............................................................................7

*Dole Food Co. v. Watts*
  (9th Cir. 2002) 303 F.3d 1104............................................................................4

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION TO DISMISS**   Case No. 8:23-cv-01951 DOC ADS

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2003)................................................................23

*Granny Purps, Inc. v. County of Santa Cruz*
  (2020) 53 Cal.App.5th 1 [266 Cal.Rptr.3d 752] ....................................21

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408 (1984)..............................................................................3, 4

*Hi-Pac, Ltd. v. Avoset Corp.*,
  980 F.Supp.1134 (D. Haw. 1997) .........................................................6, 12

*ICANN Transparency, Inc. v. VeriSign, Inc.*,
  611 F.3d 495 (9th Cir. 2010).....................................................................5

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ...........................................................................15

*Leroy v. Great Western United Corp.*,
  443 U.S. 173 (1979)...................................................................................6

*Levine v. Blue Shield of California*,
  189 Cal.App.4th 1117 ..............................................................................20

*Meza v. P&G*
  (C.D. Cal. Apr. 27, 2023, No. EDCV 23-91 JGB (SHKx)) 2023
  U.S. Dist. LEXIS 81378.........................................................................6, 13

*Miller v. Rykoss-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1998).....................................................................23

*Mondragon v. Capital One Auto Finance*,
  736 F.3d 880 (9th Cir. 2013)......................................................................4

*Murphy v. Schneider National, Inc.*,
  362 F.3d 1133 (9th Cir. 2004).....................................................................6

*Neveau v. City of Fresno*
  (E.D. Cal. 2005) *392 F. Supp. 2d 1159* .................................................18

*North Am. Chemical Co. v. Superior Court*,
  59 Cal.App.4th 764 (1997)........................................................................19

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                    iv

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**    Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

*Pathak v. Omaha Steaks Int'l. Inc.*
 (C.D. Cal. Mar. 28, 2011, No. CV 10-7054 RSWL (RZx)) 2011
 U.S. Dist. LEXIS 37688 .................................................................................. 14

*Reinhold v. Tisdale*,
 2007 U.S. Dist. LEXIS 56938, 2007 WL 2156661 (D.S.C. Apr. 30,
 2007) ................................................................................................................. 7

*Sameer v. Right Moves 4 U*
 (E.D. Cal. Jan. 29, 2018, No. 1:17-CV-886 AWI-EPG) 2018 U.S.
 Dist. LEXIS 14112 .......................................................................................... 15

*Sennheiser Elec. Corp. v. Chutkowski*
 (C.D. Cal. Apr. 20, 2012, No. CV 11-07886 SJO (FMOx)) 2012
 U.S. Dist. LEXIS 200422 ................................................................................ 14

*Somers v. Apple, Inc.*,
 729 F.3d 953 (9th Cir. 2013) ............................................................................ 5

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) .......................................................................... 5

*Surefire, LLC v. Casual Home Worldwide, Inc.*
 (S.D. Cal. June 26, 2012, No. 12cv125 – IEG (MDD)) 2012 U.S.
 Dist. LEXIS 88372 .......................................................................................... 15

*Twentieth Century Fox Int'l. Corp. v. Scriba*,
 385 F. App'x 651 (9th Cir. 2020) ................................................................... 22

*United Food & Comm. Workers Int'l Union, AFL-CIO v. Alpha Beta
 Co.*,
 736 F.2d 1371 (9th Cir. 1984) .......................................................................... 7

*Usher v. City of L.A.*,
 828 F.2d 556 (9th Cir. 1987) ............................................................................ 5

*Young v. Fluorotronics, Inc.*,
 (S.D. Cal. Nov. 3, 2010, No. 10cv976-WQH-NGS) 2010 U.S. Dist.
 LEXIS 117362 .................................................................................................. 15

*Ziegler v. Indian River County*,
 64 F.3d 470 (9th Cir. 1995) .............................................................................. 4

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                            v

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

**Statutes**

28 U.S.C. § 1391(b)(2) ....................................................................................6

Business and Professions Code § 17200 ......................................................20, 21

Cal. Civ. Code § 1798, *et seq.* ........................................................................18

Cal. Civ. Code § 1798.100, *et seq.* .................................................................18

Cal. Fin. Code § 4050, *et seq.* ........................................................................18

**Other Authorities**

Austin Capital Partners' website (www.austincapital.partners) .............................8

Cal. Const. art. 1, § 1 .....................................................................................18

Fed. R. Civ. P. 4..............................................................................................7

Fed. R. Civ. P. 8(a)(2)......................................................................................5

Fed. R. Civ. P. 61............................................................................................7

Fed. R. Civ. P. 12(b)(5)....................................................................................7

Fed. R. Civ. P. 12(b)(6)....................................................................................5

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                    vi

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

## MEMORANDUM OF POINTS OF AUTHORITIES

## I.   INTRODUCTION

Because of its position as a state chartered credit union, Plaintiff North Bay Credit Union ("North Bay") was in the unique position to provide banking accounts and services to the cannabis industry well before access to these services were widely available due to the illegality of cannabis at the federal level. As such, North Bay is a leader in this area and its customers have come to rely upon North Bay to provide vital banking services to those in the cannabis industry that are often taken for granted, such as being afforded online access to bank accounts, making online deposits, withdrawals and transfers, and paying employees. When North Bay formed Greenbax, to manage North Bay's marijuana-related business accounts, it referred many cannabis industry clients to Greenbax for online banking services.  Defendants MRB Direct Inc. ("MRB") and David Park ("Mr. Park") (collectively "Defendants") developed and maintained the online platform North Bay and Greenbax's customers used to access their accounts. When the Defendants intentionally and maliciously disabled the online platform in an effort to extort additional unearned fees from North Bay and Greenbax, it is no surprise these customers turned to North Bay for help.

Once Defendants disabled the online banking platform relied upon by North Bay and Greenbax customers, it presented a significant problem for those customers. They were unable to access their funds, process transactions or even pay employees. Many customers wanted their money to be immediately transferred to North Bay – a place they trust. Rather than immediately granting the request to transfer customer funds to North Bay, Defendants attempted to steal these customers by strong-arming them into not transferring their funds to North Bay but instead keeping their funds with a David Park controlled institution instead. Defendants did this by offering customers immediate access to their funds if they transferred money to a David Park controlled institution. If not, customers would be forced to wait thirty (30) days

BN 80231743v5

1

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION TO DISMISS**      Case No. 8:23-cv-01951 DOC ADS

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

before the Defendants would transfer customer funds to North Bay.

The Complaint adequately alleges claims against David Park, the individual who oversaw all aspects of MRB's relationship with North Bay. The Complaint sufficiently alleges that Mr. Park is personally liable to North Bay due to his implementation and execution of the scheme to steal North Bay's customers and coerce them into severing their relationship with North Bay and banking with an institution affiliated with Mr. Park.

As to Mr. Park's personal jurisdiction challenge, the allegations in the Complaint and the evidence provided in connection with this Opposition confirm that Mr. Park is subject to personal jurisdiction in California. Mr. Park owns or controls significant assets in California, including a residence in Laguna Beach, and at least two automobiles. Mr. Park also maintains an office in Irvine, California. The foregoing contacts are sufficient to support a finding of general jurisdiction over Mr. Park.[1] Alternatively, specific jurisdiction is also appropriate due to Mr. Park's contacts with California directly tied to the dispute which is the subject of this action. More specifically, Mr. Park travelled to California no less than five occasions in connection with Defendants' work with North Bay. During these visits, in addition to the nearly weekly calls with North Bay's leadership team located in California, Mr. Park discussed the design, development and implementation of the online banking platform which forms the basis for North Bay's claims. Venue is also appropriate in this District and Mr. Park suffers d no prejudice if the case remains in the Central District of California (nor has Mr. Park alleged any such prejudice). For

[1] North Bay believes that Mr. Park's contacts with California, where his wife and children reside, are actually far more extensive then what Mr. Park describes in his declaration offered with his motion to dismiss. North Bay served discovery requests on Mr. Park seeking more details on his contacts with California. Unfortunately, a number of Mr. Park's discovery responses were evasive and incomplete. Mr. Park's refusal to provide information related to his contacts with California, especially given the pendency of his motion to dismiss, is particularly problematic. North Bay is in the process of preparing a meet and confer letter to Mr. Park to address the inadequacies of his responses in advance of an anticipated motion to compel.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5    2
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION    Case No. 8:23-cv-01951 DOC-ADS
TO DISMISS**

the reasons set forth in this Opposition, the Court should deny Mr. Park's Motion to Dismiss.

## II.  FACTUAL BACKGROUND

North Bay is strategically positioned in that it has been able to use its banking operations to reach customers that had been ignored or unable to use these services. Customers in the marijuana industry know and trust North Bay because it has been providing these services since 2017 soon after Proposition 64 legalized the sale of recreational marijuana in California. In or about 2021, North Bay formed a company now called HigherGrowth, LLC, dba Greenbax Marketplace ("Greenbax") with the express purpose of supporting marijuana industry clients in their banking needs. North Bay referred customers to Greenbax for servicing of the North Bay marijuana-related business accounts. North Bay holds a majority interest in Greenbax.  Mr. Park's company, Fintech Fund II, holds a 25% interest in Greenbax. Defendant MRB maintains Greenbax's online banking platform which is the sole mechanism for account holders to access their accounts. Mr. Park and MRB are well-aware that North Bay's clients are supported by Greenbax and the online banking platform. After threatening to disable and then ultimately moving forward with that threat and actually shutting down the platform, Defendants incentivized North Bay clients to move their funds to a Mr. Park controlled entity.

## III.  LEGAL STANDARD

### A.  12(b)(2) Lack of Personal Jurisdiction

Personal jurisdiction may be conferred as either specific or general jurisdiction. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984).  Courts may exercise general jurisdiction over a defendant if it has substantial, continuous and systematic contacts with the forum state that amount to a physical presence there. *Id.* at 1416.  Specific jurisdiction requires a showing that the non-resident defendant purposefully established contacts with the forum state,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                    3

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

that the plaintiff's cause of action arises out of the defendant's forum-related contacts, and the forum's exercise of personal jurisdiction comports with fair play and substantial justice. *See Burger King v. Rudzewicz*, 471 U.S. 462, 472, 476-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

### 1.   General Jurisdiction

A plaintiff need only make a prima facie showing of jurisdictional facts to defeat a motion to dismiss for lack of personal jurisdiction. *Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir. 1995); *Mondragon v. Capital One Auto Finance,* 736 F.3d 880, 886 (9th Cir. 2013) (burden on plaintiff should not be made "exceptionally difficult to bear"). Uncontroverted allegations must be taken as true, and factual conflicts must be resolved in plaintiff's favor. *AT&T Co. v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir. 1996).

A court may exercise general jurisdiction over the defendant when the defendant is a resident or domiciliary of the forum state, or the defendant's contacts with the forum state are continuous, systematic, and substantial." *Barranco v. 3D Systems Corp.,* 6 F.Supp.3d 1068, 1077-78 (D.Haw. 2014); *Helicoperteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-16 (1984).

### 2.   Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific jurisdiction over a nonresident defendant: "(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Dole Food Co. v. Watts,* (9th Cir. 2002) 303 F.3d 1104, 1111; *see*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                4

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.,* 223 F.3d 1082, 1088 (9th Cir. 2000); *CYBERsitter, LLC v. P.R.C.,* 805 F.Supp.2d 958, 967 (C.D. Cal. 2011) (internal citations and quotation marks omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

### B.  12(b)(6) Failure to State a Claim

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement need not include detailed factual allegations but must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation omitted). When evaluating a complaint's sufficiency, "[a]ll allegations of material fact are taken as true and are construed in the light most favorable to [the plaintiff]." *ICANN Transparency, Inc. v. VeriSign, Inc.,* 611 F.3d 495, 501 (9th Cir. 2010). A court must also "draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of L.A.,* 828 F.2d 556, 561 (9th Cir. 1987).

To survive a motion to dismiss, a plaintiff must articulate "only enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Somers v. Apple, Inc.,* 729 F.3d 953, 959 (9th Cir. 2013). A plaintiff is required only to plead enough facts to "raise a reasonable expectation" that discovery will reveal evidence of a plausible entitlement to relief. See *Twombly,* 550 U.S. at 556 (2007). Moreover, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca,* 652 F.3d

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

1202, 1216 (9th Cir. 2011).

Accepting all of North Bay's well-pleaded allegations as true and granting the North Bay every favorable inference from the allegations, the Complaint satisfies the pleading standard. Accordingly, the Defendant's Motion to Dismiss should be denied in its entirety.

## C.    12(b)(3) Improper Venue

Venue in federal courts is governed entirely by statute. See *Leroy v. Great Western United Corp.,* 443 U.S. 173, 181 (1979). Under 28 U.S.C. § 1391(b)(2), venue is proper in the judicial district in which a substantial part of the event or omissions giving rise to the claim occurred. In accessing transfer, the Court should consider the following statutory factors: "(1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice." *Hi-Pac, Ltd. v. Avoset Corp.,* 980 F.Supp.1134, 1140 (D. Haw. 1997). In analyzing the interests of justice, a court may consider the following relevant factors:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Meza v. P&G* (C.D. Cal. Apr. 27, 2023, No. EDCV 23-91 JGB (SHKx)) 2023 U.S. Dist. LEXIS 81378. In ruling on a motion challenging venue, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party…" *Murphy v. Schneider National, Inc.,* 362 F.3d 1133, 1138 (9th Cir. 2004).

Considering all of the relevant statutory factors, including the interests of justice factors, the Central District of California is an appropriate venue to hear this

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                    6
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION    Case No. 8:23-cv-01951 DOC-ADS
TO DISMISS**

matter. Alternatively, if the Court is inclined to transfer venue, the appropriate venue would be the Northern District of California, where North Bay is headquartered. Accordingly, Defendants' Motion to Dismiss for improper venue, or alternatively to transfer this matter to Nevada, should be denied.

### D. 12(b)(5) Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. Fed. R. Civ. P. 12(b)(5). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *Direct Mail Specialists, Inc. v. Eclat Computerized Tech.,* 840 F.2d 685, 688 (9th Cir. 1988). Once the defendant challenges the sufficiency of service, the plaintiff bears the burden to show that service was valid under Fed. R. Civ. P. 4. *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Comm. Workers Int'l Union, AFL-CIO v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir. 1984). Dismissal is generally not justified absent a showing of prejudice. *Id. See* Fed. R. Civ. P. 61. When there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow a plaintiff to perfect service. *Reinhold v. Tisdale,* 2007 U.S. Dist. LEXIS 56938, 2007 WL 2156661 (D.S.C. Apr. 30, 2007).

## IV. SUMMARY OF ARGUMENT

### A. Mr. Park is Subject to Personal Jurisdiction in California

#### 1. General Jurisdiction

Defendant David Park ("Mr. Park") is not only a resident or domicile of the state of California, but he has continuous, systematic, and substantial contacts with California, thereby making him subject to general jurisdiction in California.

Mr. Park is Chief Investment Officer of third party Austin Capital Partners, which maintains an office at 18575 Jamboree Road, Suite 250, Irvine, California

92612.  Austin Capital Partners' website (www.austincapital.partners) prominently features Mr. Park and his presence in the Austin Capital Partners' Irvine, California office.  (Declaration of Ed Beyer, "Beyer Decl." ¶ 3).  A person that answered the telephone at the Irvine offices of Austin Capital Partners confirmed that Mr. Park resides in both California and Texas (while making no reference to Nevada).[2]  (Beyer Decl. ¶¶ 4, 8). See also Exh. 2 to Call Declaration, which references interviews Mr. Park conducted related to MRB at his "Newport Beach offices."

In addition to his professional ties to California, Park has significant personal ties to California and owns substantial assets located within the state. As set forth more fully below, service of process of Mr. Park was effectuated at the residence located at 351 Crescent Bay Drive, Laguna Beach, California 92651. In his declaration offered in support of his motion to dismiss, Mr. Park acknowledges that this address is where his (now separated) wife Kimmie[3] and child live. Park Decl., ¶ 4. What Mr. Park fails to disclose to the Court is that while his wife and daughter live in the Laguna Beach residence, he actually has a direct link to the ownership of that residence.  The Laguna Beach residence is owned by Park Real Estate Laguna, LLC, a Texas limited liability company. (Beyer Decl. ¶ 3).  Mr. Park admits that he is an officer or director of Park Real Estate Laguna, LLC. (See Exh. 1 to Seror Decl.

[2] Mr. Park's affiliation and ties to Austin Capital Partners also stands in stark contrast to paragraph 10 of his sworn declaration offered in support of his motion to dismiss wherein he states that, "I have few to no business contacts with California. I am not an officer, director, or employee of any California business entities so far as I recall." Even giving Mr. Park the benefit of the doubt and assuming that since Austin Capital Partners is a Texas company the second sentence of paragraph 10 may be technically correct, there is no logical way to reconcile the first sentence of paragraph 10 of the Park declaration with the website of Austin Capital Partners (and evidence gleaned from employees) that Mr. Park is indeed involved with Austin Capital Partners' business in California. Mr. Park has also refused to answer discovery requests on this topic.
[3] The proof of service evidencing the service of Mr. Park at the Laguna Beach residence includes the name "Lisa Park."  As Mr. Park acknowledges, his separated wife's name is Kimmie Park, not Lisa Park, and therefore the reference to Lisa Park on the proof of service appears to be in error or perhaps was the name given to the process server for some unknown reason.  Regardless, the discrepancy is inconsequential since Mr. Park has confirmed that he received the service papers delivered to the Laguna Beach address.

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

(Response to Request for Admission No. 14); see also Beyer Decl., ¶ 3)) Mr. Park is also the President of Park Real Estate, LLC, and the registered agent of Park Real Estate Laguna, LLC. (*Id.* (Response to Request for Admission No. 15)) While the use of a corporate entity to hold title to the Laguna Beach residence keeps Mr. Park one-step removed from personally holding an ownership interest in the property, such a corporate subterfuge should not be a sufficient justification for refusing to exercise jurisdiction over a defendant where such an exercise of jurisdiction would be otherwise appropriate.

In addition to having an (albeit) indirect ownership interest in the Laguna Beach residence, Mr. Park also owns multiple cars registered with the California Department of Motor Vehicle to the Laguna Beach address. See Beyer Decl., ¶ 4. Maintaining two registered cars at the residence leads to the reasonable inference that Mr. Park did indeed reside or spend a significant amount of time at the Laguna Beach home.

Mr. Park's substantial contacts with California, including the maintenance of a business address in the state and having an ownership interest in significant assets located in California, warrant a finding that Mr. Park is subject to personal jurisdiction in California.

### 2. Specific Jurisdiction

Aside from the substantial, continuous and systematic contacts with California, Mr. Park is also subject to specific jurisdiction in California in connection with this matter due to having purposefully availed himself of the privileges of doing business in California in connection with the facts and circumstances underlying North Bay's claims.

Both in the lead up to the rollout of the MRB banking platform to customers and thereafter, Mr. Call and other members of the team had nearly weekly interactions with Mr. Park and other representatives of MRB to discuss the design,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5      9

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

development, implementation and execution of the banking platform MRB was launching. (Call Decl. ¶ 7).

On no less than five occasions from the Spring of 2021 through 2023, Mr. Park travelled to Sonoma County, California for meetings at NBCU's offices with Mr. Call and other members of the team.  (Call Decl. ¶ 8). These meetings occurred on April 16, 2021, in September 2021, and on June 18, 2022 and March 27, 2023.  (*Id.*) At each meeting Mr. Park, Mr. Call and those in attendance discussed the development and implementation of the MRB banking platform, the license fee to be charged by MRB for managing the platform, on-going platform development issues, and new potential business opportunities.[4] (*Id.*)

In addition to the in-person meetings referred to above, Mr. Park and the leadership team (including Mr. Call) participated in weekly Friday Zoom calls throughout 2021 and 2022 to discuss the status of the banking platform, work through development issues and share updates. (Call Decl. ¶ 9).  In addition to these formal weekly meetings, Mr. Park would often participate in calls with Mr. Call, Ms. McCormick, and others, to address specific issues that arose between the weekly Zoom calls. (*Id.*)

Mr. Park was intimately involved in the design, development, implementation and rollout of the MRB platform. (Call Decl. ¶ 10).  He actively managed the entire program and process on behalf of MRB and was the primary point of contact at MRB with respect to this program. (*Id.*) Also, Mr. Park actively discouraged the contacting of anyone other than himself for any issues related to the development of the platform. (*Id.*)

During the course of Mr. Call's ongoing discussions with Mr. Park, he was well aware of the fact that the vast majority of the customers who would be using the

---

[4] Mr. Park's attendance at the March 27, 2023 meeting at North Bay's California offices was confirmed by Mr. Park in a subsequent April 6, 2023 email. (See Exh. 1 to Call Decl., ¶ 8)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

MRB banking platform were located in California. (Call Decl. ¶ 11).

Here, North Bay's claims arise out of Defendants' shutting down of the banking platform used by North Bay's customers. The design, functionality, development and implementation of the banking platform was the sole reason for all of the foregoing contacts with Mr. Park in California. North Bay's claims arise out of those meetings with Mr. Park. The exercise of jurisdiction over Mr. Park comports with fair play and substantial justice because of the significant contacts he's had with the forum state.

3.  Mr. Park's Evasive Discovery Responses Support a Denial, or at the Very Least a Deferral, of a Ruling on the Motion

North Bay has propounded discovery requests, including Requests for Admissions, Interrogatories and Requests for Production, on Mr. Park seeking additional details of his contacts with California. Mr. Park's responses are evasive and incomplete, setting the stage for an anticipated motion to compel. More specifically, Mr. Park refuses to respond to discovery requests which seek: (1) the name of the businesses he is associated with that use the 18575 Jamboree Road address[5]; (2) the identification of each time Mr. Park was present in California from January 1, 2020 to the present (and the purpose of each visit); (3) the identification of each business meeting Mr. Park participated in from January 1, 2020 through the present that occurred in California; and (4) a listing of every residence Mr. Park has had over the last five years. (See Exh. 2 to Seror Decl. (Mr. Park's Responses to North Bay's First Set of Interrogatories).

Mr. Park's refusal to provide full and complete responses to the foregoing questions, which bear directly on the personal jurisdiction challenge now before the Court, is obviously problematic. By refusing to respond to North Bay's discovery

---

[5] See Beyer Decl., Exh. 1, which is an image from the website for Austin Capital Partners which includes Mr. Park's picture, biography and the Jamboree Road address.

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**  Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

requests, Mr. Park is attempting to preclude North Bay's ability to challenge the assertions set forth in his declaration offered in support of the motion. At the very least, Mr. Park's discovery responses raise the specter of significant ties between Mr. Park and California – which North Bay suspects to be the case given its interactions with Mr. Park.

Because the subject discovery requests go directly to the personal jurisdiction challenges now before the Court, and given Mr. Park's refusal to adequately respond, North Bay requests either that Mr. Park's motion be denied outright or at the very least that a ruling be deferred until the meet and confer and motion to compel process can be completed and any evidence uncovered therefrom is provided to the Court to supplement the record.

## B. Venue is Proper and Transfer Should be Denied

In any federal action, venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Here, North Bay has alleged harm stemming from Defendants' disabling of the online platform used by North Bay's customers to access their banking accounts. Putting aside the fact that the harm to North Bay was realized in California (where North Bay is based) an overwhelming majority of the customers who had their account access disabled are also located in California, making California the location where the events giving rise to the claims occurred. Call Decl. ¶ 6. On this basis, Defendants' motion to dismiss on the basis of improper venue should be denied.

With respect to Defendants' request to transfer venue, in assessing whether to transfer a case, the Court should consider the following statutory factors: "(1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice." *Hi-Pac, Ltd. v. Avoset Corp.,* 980 F.Supp.1134, 1140 (D. Haw. 1997). In analyzing the interests of justice, courts consider the following factors:

(1) the location where the relevant agreements were

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                    12

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Meza v. P&G* (C.D. Cal. Apr. 27, 2023, No. EDCV 23-91 JGB (SHKx)) 2023 U.S. Dist. LEXIS 81378.

Here, the foregoing factors strongly favor venue remaining in this Court. Clearly California courts will be more familiar with adjudicating cases based on California law, and North Bay's contacts with California (North Bay is a California nonprofit with its principal place of business in Sonoma County, California) support venue remaining in California. (Call Decl. ¶ 3). And despite its attempts to cast doubt on Defendants' contacts with California, Defendants both have significant contacts with California. Defendant MRB travelled to California to meet with North Bay representatives in advance of their relationship, and Mr. Park maintains an office in Irvine, California. (Call Decl. ¶ 7; Beyer Decl. ¶ 6). Moreover, the overwhelming majority of the customers impacted by Defendants' alleged wrongful conduct are based in California (not a single customer is located in Nevada). Call Dec. ¶ 6. Defendants have already indicated in its initial disclosures that it intends to depose all such customers. (See Exh. 3 to Seror Decl. ¶ 6, (Defendants' Initial Disclosures)) The availability of a compulsory process to compel the attendance of these witnesses for deposition (or trial) testimony also counsels in favor of venue remaining in this judicial district.

Defendants requested transfer to Nevada disregards several interest of justice factors, including the fact that North Bay is a California nonprofit with its principal place of business in Sonoma County; California law, standards, and public policy should govern this dispute; North Bay selected this Court and this forum to litigate

BUCHALTER
A Professional Corporation
Los Angeles

BN 80231743v5    13
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**    Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

this matter with defendants; the majority of contacts relating to North Bay's causes of actions are located in California and few are located in Nevada; the majority of the witnesses likely to be called, by all parties, live, work, and reside throughout California and retaining this matter in this Court will not harm or prejudice MRB (and no such harm has been asserted in the Motion). Indeed, Mr. Park maintains a business office in Irvine, California and MRB's registered agent for service of process is also located in Irvine, California. If the Court is inclined to transfer venue, North Bay submits that the Northern District of California, which is where North Bay is based, would be the only other appropriate court for this case to be heard.

### C.   Service of Process was Sufficient

A signed proof of service standing alone provides *prima facie* evidence of sufficient service of process. For a Defendant to overcome this *prima facie* showing, strong and convincing evidence that he was not properly served must be presented. *Sennheiser Elec. Corp. v. Chutkowski* (C.D. Cal. Apr. 20, 2012, No. CV 11-07886 SJO (FMOx)) 2012 U.S. Dist. LEXIS 200422 at *18. While Mr. Park contends in his declaration offered in support of his motion to dismiss that he resides in Las Vegas, Nevada, he offers no documentary evidence in support of that assertion. Moreover, it is possible for a person to have multiple residences and service on any one residence may be sufficient if the residence bears "sufficient indicia of permanence." *Id.* citing Craigslist, Inc. v. Hubert (N.D. Cal. 2011) 278 F.R.D. 510.

For the reasons set forth in Section IV(A)(1) above, the evidence supports the conclusion that at the very least Mr. Park resides both in Nevada and California.

Moreover, by his own Declaration, Mr. Park acknowledges that he received notice of this action and the claims alleged against him when Kimmie Park spoke with him after the process server served the Complaint and Summons at the Laguna Beach residence. And Mr. Park has failed to offer any evidence to suggest that he was harmed by any alleged defect in service (which North Bay denies). *Pathak v.*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                      14
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

*Omaha Steaks Int'l. Inc.,* (C.D. Cal. Mar. 28, 2011, No. CV 10-7054 RSWL (RZx)) 2011 U.S. Dist. LEXIS 37688 (denying corporate defendant's motion to dismiss when complaint and summons was sent via US mail and finding that there is a reasonable prospect plaintiff will be able to serve defendant and defendant had not been prejudiced by insufficient service); See also *Sameer v. Right Moves 4 U,* (E.D. Cal. Jan. 29, 2018, No. 1:17-CV-886 AWI-EPG) 2018 U.S. Dist. LEXIS 14112; See also *Surefire, LLC v. Casual Home Worldwide, Inc.,* (S.D. Cal. June 26, 2012, No. 12cv125 – IEG (MDD)) 2012 U.S. Dist. LEXIS 88372.

If the Court is inclined to grant Mr. Park's motion to dismiss for insufficient service of process, North Bay requests an extension to the service deadline to effectuate service upon Mr. Park.

### D.   North Bay Has Pleaded Facts Sufficient to State Claims for Relief

#### 1.   Intentional Interference with Prospective Economic Advantage

To state a claim for intentional interference with prospective economic advantage, a plaintiff must allege facts to show "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.' [Citations.]" *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1153 (2003). The pleader "merely must allege that [defendant]'s acts were unlawful for a reason other than that they interfered with [plaintiff]'s prospective economic advantage." *Young v. Fluorotronics, Inc.,* (S.D. Cal. Nov. 3, 2010, No. 10cv976-WQH-NGS) 2010 U.S. Dist. LEXIS 117362, at *15.)

North Bay's Complaint has provided sufficient facts to state a claim that is plausible on its face. North Bay has an economic relationship with the marijuana-

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

related business accounts it referred to Greenbax for servicing. (Complaint ¶ 9.) These relationships contained a probability of future economic benefit to North Bay given the association among consumers between North Bay and Greenbax and because all customers were serviced by both North Bay and Greenbax. MRB and Mr. Park have knowledge of this relationship because "Mr. Park is an officer, director, or managing agent of MRB" and "MRB maintains Greenbax's online banking platform." (Complaint ¶¶ 3, 10.) MRB took deliberate and intentional acts designed to disrupt the relationship when it "carried out its threat and shut down the platform so that customers could not view or access their funds on deposit." (Complaint ¶ 11.) The relationship between North Bay and its marijuana-related business accounts was actually disrupted when customers were "unable to access the Platform." (Complaint ¶ 13.) North Bay's Complaint goes further and details a particular customer who was unable to monitor pending payments or determine if payments had cleared his account." (Complaint ¶ 13.) Furthermore, "North Bay has received direct communications from upset customers stating that they must have access to their funds immediately or they will turn to legal action against North Bay." (Complaint ¶ 14.) The actual harm proximately caused to North Bay by acts of the defendants is clear. "Based upon the relationship between North Bay and the customers, and those customers' knowledge of the relationship between North Bay and Greenbax, a large number of the customers attempted to transfer their funds to either their other existing or new North Bay accounts." (Complaint ¶ 17.) The Defendants prevented these customers from making such transfers within a reasonable period of time – requiring account holders to wait 30 days before allowing their funds to be transferred to North Bay or in the alternative, receiving immediate access to their funds if the account holder agreed to transfer funds to a David Park controlled entity. (Complaint ¶ 16). The Defendants unlawful actions involve, in part, the "manufactured billing dispute with Greenbax" in an effort to usurp North Bay's clients. (Complaint ¶ 11.)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                                     16
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

Defendants offer two arguments in its motion for why North Bay's intentional interference cause of action is insufficiently plead.  First, Defendants argue that as a competitor of North Bay, Defendants enjoy the "privilege of competition" and therefore their conduct as alleged in the Complaint cannot form the basis for an interference claim.  Next, Defendants argue that North Bay's interference claim should be dismissed because North Bay did not name the specific individuals whose relationship with North Bay was harmed by Defendants' conduct.  Both arguments are without merit.

Defendants' first argument attempts to cast Defendants as mere competitors of North Bay without any pre-existing relationship or obligations.  In so doing, Defendants would have this Court believe that North Bay and Defendants are arms-length competitors in the banking industry and therefore Defendants attempts to persuade North Bay's customer to bank with Defendants is not actionable.  Nothing could be further from the truth.  MRB was obligated to provide, manage and oversee the online banking platform for North Bay's and Greenbax's customers. MRB used that relationship, and the access it afforded to North Bay's customers, to try and poach the banking business of North Bay's customers.  Defendants were not mere competitors, but rather were tasked with managing the platform.

As for Defendants' second argument, Defendants offer no support for the proposition that North Bay is obligated *in its Complaint* to name the specific individuals with whom North Bay's prospective economic advantage was interfered with.  The authorities cited by Defendants stand for the unremarkable proposition that an interference claim cannot be based solely on a vague allegation that unknown and unknowable individuals out in the world may have done business with North Bay absent Defendant's interference.  That is not the case here.  North Bay has identified a certain and finite group of specific individuals whose relationships with North Bay were harmed – its customers who had access to their online banking accounts

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

disabled by Defendants.   (Complaint ¶ 13). These individuals are known and identifiable.  The identification of specific individuals can occur within the context of discovery and has actually already begun.[6]   Aside from failing to offer any authority for its proposition that specific individuals must be named in North Bay's compliant, such a disclosure in a publicly accessible document could potential violate any number of privacy or confidentiality statutes and standards.  Cal. Const. art. 1, § 1; Cal. Civ. Code § 1798.100, *et seq.*; Cal. Fin. Code § 4050, *et seq.*; Cal. Civ. Code § 1798, *et seq.* Certainly North Bay should not be held to a pleading standard which requires it to violate existing privacy laws.

North Bay has pled sufficient facts to state a cause of action for intentional interference with prospective economic advantage. Those facts are plausible. And where additional information or facts are sought, the discovery process is the appropriate mechanism through which those additional facts shall be uncovered. *Neveau v. City of Fresno,* (E.D. Cal. 2005) *392 F. Supp. 2d 1159, 1169* citing *Sagan v. Apple Computer,* (C.D. Cal. 1994) 874 F. Supp. 1072, 1077 ("Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted.")

### 2.   Negligent Interference with Prospective Economic Advantage

To state a claim for negligent interference with prospective economic advantage, a plaintiff must allege facts to show (1) an economic relationship between the plaintiff and a third party, which contained a reasonably probable future economic benefit or advantage to the plaintiff; (2) the defendant knew of the existence of the relationship and was aware or should have been aware that if it did not act with due care its actions would interfere with this relationship; (3) the defendant was negligent; and (4) such negligence caused damage to the plaintiff in that the relationship was

---

[6] Certain witnesses have been disclosed to Defendants in connection with North Bay's initial disclosures. It is anticipated that additional witnesses will later be disclosed and Defendants have already indicated a desire to take the depositions of these individuals. (See Exh. 3 to Seror Decl. ¶ 6, (Defendants' Initial Disclosures))

BN 80231743v5                                                     18

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION   Case No. 8:23-cv-01951 DOC-ADS
TO DISMISS**

actually interfered with or disrupted. *North Am. Chemical Co. v. Superior Court,* 59 Cal.App.4th 764, 786 (1997).

This cause of action and the intentional interference cause of action contain similar elements and rely upon similar facts. The essential difference between the two causes of action is element (2) – the defendant was aware of or should have been aware that if it did not act with due care its actions would interfere with this relationship. MRB maintains an online banking platform that allows customers to "access their accounts, view deposits, withdrawals and balances, and transfer funds." (Complaint ¶ 10.) On Friday, July 14, 2023, at 4:15 p.m., Defendants sent an extortion letter demanding $1.2 million be paid in less than two business days under threat of shutting down the banking platform. (Complaint ¶ 11.) Defendants should have been aware that their threat of shutting down the banking platform used by North Bay's customers to access their accounts would cause some disruption or interference with the relationship between North Bay and its marijuana-business customers. ". . .North Bay was left with a reputational customer crisis. . ." (Complaint ¶14.) Customers turned to North Bay to rectify the situation and even threatened to bring lawsuits against North Bay. Defendants' also promised existing and prospective North Bay customers that their funds would be available immediately *if* the customers opted to open an account with one of the Defendants' affiliated entities but customers were told they had to wait nearly one month if they wanted their funds to be transferred to North Bay. (Complaint ¶ 16.) In an effort to "avoid additional reputational damage caused by Defendants' conduct," North Bay provided $16.4 million in provisional credit to approximately 235 customers to meet their payment obligations while Defendants' refused to release/transfer their funds. (Complaint ¶ 18.)  In addition, North Bay's Complaint alleges that Defendants owed a duty of care to North Bay. (Complaint ¶ 21)

North Bay has pled sufficient facts to state a cause of action for negligent

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                                         19
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

interference with prospective economic advantage.[7] Those facts are plausible. And where additional information or facts are sought, the discovery process is the appropriate mechanism through which those additional facts shall be uncovered.

### 3.   Violation of Business and Professions Code §§ 17200, *et seq.*

To state a claim for a violation of the unfair competition law, Business and Professions Code § 17200, a plaintiff must allege that the defendant committed a business act that is *either* fraudulent, unlawful, or unfair. *Levine v. Blue Shield of California,* 189 Cal.App.4th 1117, 1137. This requirement is stated by the statute in the disjunctive. The proper pleading of conduct under any of the prongs is sufficient to state a cause of action. *Aguilar v. Subaru of Am.,* 2023 Cal. Super LEXIS 60042, *8.

The Complaint provides sufficient facts to put the Defendants on notice of the allegations against them. More specifically, the Complaint outlines the specific unfair acts perpetrated by Defendants that were designed to steal North Bay's customers. The Complaint alleges that after not giving in to Defendants' demand for the payment of $1.2 million under threat of shutting down the entire banking platform, Defendants indeed did shut down access to the online banking platform. (Complaint ¶ 11.) Customers were unable to access their accounts. (Complaint ¶ 12.) Thereafter, and in furtherance of their plan to steal North Bay's customers, "Defendants, via the express direction of David Park, and their co-conspirators were offering "immediate access" to funds if the customers would open accounts with one of Defendants' related entities." (Complaint ¶ 15.) Others who refused to have their banking relationship moved to Defendants (or its affiliates) were forced to wait thirty (30) days if they wanted their funds transferred to North Bay. The Defendants move came at a very critical time for the account holders – they had to cover payroll, pay business taxes,

---

[7] Defendants seek to dismiss North Bay's negligence interference claim for failing to identify the specific individuals with whom North Bay's economic relationship was harmed. For the same reasons set forth in Section IV(A)(1), North Bay's allegations in this regard are sufficient with respect to North Bay's negligent interference claim.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

and handle other business needs. They needed their money fast. This tactic to delay transfers to North Bay unfairly encouraged customers to transfer funds to a David Park controlled entity rather than keeping their funds with North Bay.

The foregoing factual allegations are sufficient to state a cause of action violation of Business and Professions Code §§ 17200, *et seq*. Those facts are plausible and specific enough to put Defendants on notice as to the allegations against them. And where additional information or facts are sought, the discovery process is the appropriate mechanism through which those additional facts shall be uncovered.

    4.    <u>North Bay's First, Second and Third Claims Are Not Predicated on an Alleged Breach of Contract and Therefore Are Not Barred</u>

Defendants seek a dismissal of the first, second and third causes of action to North Bay's Complaint based on the misguided assertion that these claims are breach of contract claims disguised as tort claims.  Not so.  There is no contract existing between North Bay and Defendant MRB and therefore there is no breach of contract claim to be alleged.  As Defendants' concede in their motion, the contract it bases this argument on is not between the parties to this case, but rather between Defendant MRB and non-party Greenbax. See Motion, p. 11, lns. 23-24. The absence of a contractual relationship between the parties to this case dooms Defendants' argument in this regard.  Given the absence of a contractual relationship between the parties to this action, the claims alleged properly sound in tort.  Defendants' request for dismissal on this basis should be denied.

    5.    <u>Declaratory Relief</u>

Declaratory relief is a cause of action, one that can be maintained as long as there is an existing legal controversy alleged. *Granny Purps, Inc. v. County of Santa Cruz,* (2020) 53 Cal.App.5th 1, *9 [266 Cal.Rptr.3d 752]. Declaratory relief is forward-looking and seeks relief that would clarify NBCU and Defendants' ongoing obligations. *In re Adobe Sys., Inc. Privacy Litig.,* 66 F.Supp. 3d 1197, 1222 (N.D.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5    21

**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

Cal. 2014) (noting that a claim for declaratory relief is appropriate where it seeks to clarify ongoing obligations).

The declaratory relief sought is distinct from the other relief sought in the Complaint. The Complaint outlines an actual controversy that exists between North Bay and Defendants. While the other causes of action seek "past damages" for Defendants' conduct, the declaratory relief cause of action seeks "a forward-looking declaration" of the rights and obligations of the parties. As both sides will continue to have overlapping interests and concerns, a declaration of the rights and obligations will clarify the rights and obligations of both parties. Moreover, the declaratory relief claim is not duplicative of the other claims alleged. North Bay could prevail or not prevail on each of the other claims alleged in the Complaint, which seek damage for past conduct of Defendants, and still be entitled to a declaration as to Defendants' future obligations and responsibilities related to the online banking platform at issue.

North Bay has pled sufficient facts to state a cause of action for declaratory relief. Those facts are plausible. And where additional information or facts are sought, the discovery process is the appropriate mechanism through which those additional facts shall be uncovered.

### E.   Jurisdictional Discovery Should Be Granted

Should the Court be inclined to grant Defendant's motion, North Bay respectfully requests the right to conduct limited jurisdictional discovery related solely to issues pertinent to the exercise of personal jurisdiction over Mr. Park. The threshold for jurisdictional discovery is low. *Delacruz v. Serv. Corp. Int'l.,* 2018 U.S. Dist. LEXIS 84172 24 (E.D. Cal. 2018), citing *Harris Rutsky & Co. v. Bell & Clements Ltd.,* 328 F.3d 1122, 1135 (9th Cir. 2003). Deciding whether to grant jurisdictional discovery is within the discretion of the Court. *Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008)*; see also *Twentieth Century Fox Int'l. Corp. v. Scriba,* 385 F. App'x 651, 652 (9th Cir. 2020) (reversing denial of jurisdictional discovery,

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                    22
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**

noting that "the court below erred by ruling on an incomplete record").

**F.     Alternatively, North Bay Should Be Granted Leave to Amend**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (internal citation omitted.) "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoss-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1998). Here, should the Court be inclined to grant Defendant's motion, North Bay requests leave to amend the Complaint to include additional factual allegations sufficient to demonstrate that North Bay is entitled to relief.

## V.     CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion. To the extent the Court grants the motion, North Bay respectfully requests leave to amend the Complaint.

DATED:  January 8, 2024              BUCHALTER
                                    A Professional Corporation


                                    By:   */s/ David E. Mark*
                                          DAVID E. MARK
                                          Attorneys for Plaintiff
                                          NORTH BAY CREDIT UNION

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 80231743v5                              23
**OPPOSITION TO DEFENDANT DAVID PARK'S MOTION**   Case No. 8:23-cv-01951 DOC-ADS
**TO DISMISS**