UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NORTH BAY CREDIT UNION,<br><br>　Plaintiff<br><br>v.<br><br>MRB DIRECT, INC., et al.,<br><br>　Defendants | Case No.: 2:24-cv-00212-MMD-CSD<br><br>**Order**<br><br>Re: ECF No. 54 |

Before the court is Defendants MRB Direct, Inc.'s and David Park's demand for security of costs from Plaintiff North Bay Credit Union pursuant to Nevada Revised Statute (NRS) 18.130. (ECF No. 54.) Plaintiff filed a response. (ECF No. 59.) Defendants filed a reply. (ECF No. 60.)

**I. BACKGROUND**

Plaintiff originally filed this action in state court in California on August 9, 2023, asserting claims for intentional and negligent interference with prospective economic advance as well as for violation of California Business and Professions Code Sections 17200, *et seq*. On October 13, 2023, Defendants removed it to the United States District Court for the Central District of California based on diversity jurisdiction. (ECF Nos. 1, 1-1, 1-2.)

On November 15, 2023, Defendants each filed a motion to dismiss for failure to state a claim and for improper venue. (ECF Nos. 25, 27.)

After the motions were briefed, on January 26, 2024, District Judge David O. Carter granted the motions to transfer and transferred this case to the District of Nevada. (ECF No. 36.) The case was ultimately assigned to Chief District Judge Du and the undersigned.

On April 12, 2024, Defendants filed this motion for security under NRS 18.130. Defendants demand that Plaintiff, as a non-resident, file an undertaking with the Clerk to provide security for Defendants' costs, in the amount of $500 per Defendant, for a total of $1000, and request that all proceedings in this action be stayed pending deposit of the security.

Plaintiff responds that NRS 18.130 does not apply in this action that has been removed to federal court; even if NRS 18.130 does apply, Defendants' demand is untimely; and that this may be an attempt to create an end-run around the jurisdictional arguments set forth in the pending motion to dismiss in the related action of *Austin Capital Trust Corporation v. North Bay Credit Union*.

## II. DISCUSSION

NRS 18.130 provides that "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant, by the filing and serve on plaintiff of a written demand therefor within the time limited for answering the complaint." When this is required, "all proceedings in the action shall be stayed until an undertaking … be filed with the clerk … not exceeding the sum of $500[.]"

> [T]here is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. … Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regarding to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet E. Assoc. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (internal citations and quotation marks omitted).

The District of Nevada has applied NRS 18.130 in diversity cases. *See Alliance Funding v. Platinum Group Companies, LLC*, 2024 WL 1905561 (D. Nev. Apr. 30, 2024); *Hamar v. Hyatt Corp.*, 98 F.R.D. 305 (D. Nev. 1983).

Therefore, the court finds that NRS 18.130 applies in this diversity action. The question, now, is whether Defendants timely filed their demand under NRS 18.130. The demand must be filed and served "within the time limited for answering the complaint." NRS 18.130.

Under Federal Rule of Civil Procedure 12, a defendant must serve an answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a motion is filed under the rule, the responsive pleading must be served within 14 days after "notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A).

Even taking into account the filing of the motions to dismiss in the Central District of California, Judge Carter took action on the motions on January 26, 2024. (ECF No. 36.) Plaintiff is correct that Judge Carter granted the motion for transfer, but he did not specifically address the substantive argument of failure to state a claim. However, the motions make clear that the relief sought therein was in the alternative: grant the motion to dismiss for failure to state a claim "or in the alternative transfer this case to the United States District Court of Nevada[.]" (ECF No. 25 at 23:3-5.)

Defendants filed this demand on April 12, 2024, over three months after Judge Carter granted the motion to transfer. Defendants then filed another motion to dismiss on May 21, 2024, for failure to state a claim and for insufficient service as to Mr. Park. (ECF No. 61.)

Under this unique set of circumstances—where Defendants waited months after Judge Carter took action on their dispositive motion to file the demand for security—the court will exercise its discretion and will not require the posting of security under NRS 18.130.

### III. CONCLUSION

Defendants' demand for security of costs (ECF No. 54) is **DENIED**. The court will address the pending motion to stay discovery (ECF No. 58) in a separate order.

**IT IS SO ORDERED**.

Dated: August 20, 2024

_____
Craig S. Denney
United States Magistrate Judge