UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NORTH BAY CREDIT UNION,

    Plaintiff

v.

MRB DIRECT, INC., et al.,

    Defendants

Case No.: 2:24-cv-00212-MMD-CSD

**Order**

Re: ECF No. 58

Before the court is Plaintiff North Bay Credit Union's motion to stay discovery pending a decision on the motion to dismiss. (ECF Nos. 58, 58-1.) Defendants filed a response. (ECF No. 63.) Plaintiff filed a reply. (ECF No. 65.)

**I. DISCUSSION**

"Courts have broad discretionary power to control discovery." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (citation omitted). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Id.* (quotation marks and citation omitted). "Instead, a party seeking to stay discovery carries the heavy burden of making a strong showing why discovery should be denied." *Id.* (citation omitted). At the outset, courts are guided by Federal Rule of Civil Procedure 1 to ensure a "just, speedy, and inexpensive determination of every action and proceeding."

Judges within the District of Nevada have used varying approaches to determine whether a stay of discovery is warranted while a potentially dispositive motion is pending: the "preliminary peek" approach and the "good cause" approach.

Under the "preliminary peek" approach, courts look at whether: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the motion may be successful and the claim(s) will be dismissed. *Id*. (citation omitted).

"The fact that discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery." *Kor Media*, 294 F.R.D. at 583 (citation omitted). "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Trzaska v. Int'l Game Tech.*, No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011) (emphasis original).

Under the more lenient "good cause" approach, courts evaluate: (1) whether the dispositive motion can be decided without further discovery; and (2) whether good cause exists to stay discovery. *See Schrader v. Wynn Las Vegas, LLC*, 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) (citations omitted). Good cause may exist if the moving party convinces the court the plaintiff cannot state a claim. *Id*. It may also exist when other factors are present, such as undue burden or expense or prejudice. *Id*.

The undersigned has evaluated the motions to stay discovery while a potentially dispositive motion is pending under the "preliminary peek" framework. In any event, the court finds Plaintiff has not demonstrated that discovery should be stayed under either approach.

Plaintiff originally filed this action in state court in California on August 9, 2023, asserting claims for intentional and negligent interference with prospective economic advance as well as for violation of California Business and Professions Code Sections 17200, *et seq*. On October 13, 2023, Defendants removed it to the United States District Court for the Central

District of California based on diversity jurisdiction. (ECF Nos. 1, 1-1, 1-2.) On November 15, 2023, Defendants each filed a motion to dismiss for failure to state a claim and for improper venue. (ECF Nos. 25, 27.) On January 26, 2024, District Judge David O. Carter granted the motions to transfer and transferred this case to the District of Nevada. (ECF No. 36.) Defendants have filed a motion to dismiss which is currently pending before Chief District Judge Du arguing that the complaint fails to state a claim upon which relief may be granted, and insufficient service as to Mr. Park. (ECF No. 61.)

On September 7, 2023, a related case, *Austin Capital Trust Company, LLC v. North Bay Credit Union, et al.*, case 3:23-cv-00444-MMD-CSD, was filed.

Motions to stay discovery were filed in both cases, and both assert that the related cases have significant overlap. The motions also argue that a stay is warranted under both the "preliminary peek" and "good cause" frameworks. The "preliminary peak" analysis addresses only the motion to dismiss filed in the *Austin Capital* action. The "good cause" analysis only discusses discovery propounded in the *Austin Capital* action, the motion to dismiss filed in the *Austin Capital* action, and the overlap between the two cases.

Judge Du recently granted the Defendants' motion to dismiss filed in the *Austin Capital* case and that action has been dismissed without prejudice. (ECF No. 52 in case 3:23-cv-00444-MMD-CSD.) This renders moot the argument that discovery should be stayed because there is overlap between the cases. Moreover, Plaintiff has not addressed the motion to dismiss filed by Defendants in *this* action. Nor has Plaintiff articulated any other viable basis for staying discovery pending District Judge Du's resolution of the motion to dismiss filed in *this* action.

## II. CONCLUSION

Plaintiff's motion to stay discovery (ECF No. 58) is **DENIED**. If the parties need any extension of the existing deadlines, a motion or stipulation should be filed which complies with the Federal Rules of Civil Procedure and Local Rules.

**IT IS SO ORDERED**.

Dated: August 20, 2024

_____
Craig S. Denney
United States Magistrate Judge