UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NORTH BAY CREDIT UNION, | Case No. 2:24-cv-00212-MMD-CSD |
| Plaintiff and Counter Defendant, | ORDER |
| v. | |
| MRB DIRECT, INC., *et al.*, | |
| Defendants and Counter Claimants. | |

The Court previously stayed counterclaims against Counter-Defendant Higher Growth, LLC pending a determination as to whether these claims are covered under the arbitration provision in the Master Subscription Agreement. (ECF No. 127; ECF No. 130 at 42-46.) Counter-Plaintiff MRB Direct, Inc. ("MRBD") has filed a motion to lift the stay to allow for two counterclaims to proceed[1], asserting that the arbitrator has determined these counterclaims are not subject to arbitration. (ECF No. 146.) In response, Higher Growth argues that the arbitrator was not asked to determine whether the counterclaim for breach of the implied covenant of good faith and fair dealing is arbitrable, and the two counterclaims that MRBD seeks to reopen "are intertwined with arbitrable issues still pending in arbitration," such that the Court is not permitted to lift a stay under the Federal

---

[1]The parties dispute which counterclaims are at issue and whether they are those asserted in the initial counterclaim (ECF No.81 ("Initial Counterclaim")) or in the first amended counterclaim (ECF No. 129 ("Amended Counterclaim")). The Motion identifies the counterclaims in the Initial Counterclaim: the Eighth Cause of Action for breach of contract and the Tenth Cause of Action for breach of the implied covenant of good faith and fair dealing. (ECF No. 146 at 2.) Higher Growth responded that these counterclaims are superseded by the Amended Counterclaim (ECF No. 147 at 6-8.) In reply, MRBD clarified that its Motion relates to counterclaims in the Amended Counterclaim, which are substantially the same as the counterclaims in the Initial Counterclaim. (ECF No. 148 at 3-4.) The Court agrees with MRBD that, given the procedural history here, the operative counterclaims are those alleged in the Amended Counterclaim.

Arbitration Act. (ECF No. 147 at 5 (emphasis omitted).) The Court will briefly address each argument.

As to the first argument, the arbitrator's order expressly found MRBD's counterclaims for misappropriation of trade secrets and breach of contract for misappropriation of trade secrets are not arbitrable. (ECF No. 146-1 at 14-20.) Higher Growth is correct that the arbitrator did not address the breach of the implied covenant of good faith and fair dealing counterclaim. In its reply, MRBD argues that the stay should at a minimum be lifted as to the breach of contract counterclaim, implicitly acknowledging that the arbitrator's order did not address the breach of the implied covenant of good faith and fair dealing counterclaim. (ECF No. 148 at 5.) Thus, the Court considers the Motion only as it relates to the breach of contract counterclaim.

As to this counterclaim, the Court agrees with MRBD that the stay should be lifted because this counterclaim is distinct from the claims that are subject to arbitration.[2] Moreover, even if there is some overlap as to parties and background facts, such common facts are not enough to support a continuing stay when the arbitrator has determined that the counterclaim for breach of contract is not arbitrable. The Court will grant the Motion as to this counterclaim.

It is therefore ordered that MRBD's motion to lift stay (ECF No. 146) is granted in part and denied in part. The Motion is granted as to MRBD's counterclaim for breach of contract as alleged in its Amended Counterclaim and is denied as to MRBD's counterclaim for breach of the implied covenant of good faith and fair dealing.

DATED THIS 10th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]MRBD reiterated in its reply brief that the breach of contract and breach of the implied covenant of good faith and fair dealing counterclaims in the arbitration relate to the issue of non-payment. (ECF No. 148 at 6.)

2