GARMAN TURNER GORDON LLP
DYLAN T. CICILIANO
NV Bar No. 12348
Email: dicicliano@gtg.legal
TERESA M. PILATOWICZ
NV Bar No. 9605
Email: tpilatowicz@gtg.legal
J. SEAN BENEVENTO
NV Bar No. 16498
Email: jsbenevento@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Defendants MRB Direct, Inc. and David Park.*
*and Counter-Claimant MRB Direct, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORTH BAY CREDIT UNION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MRB DIRECT, INC., a Nevada corporation; DAVID PARK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00212-MMD-CSD<br><br><br><br>**STIPULATION AND ORDER TO EXTEND CERTAIN DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES IN AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(THIRD REQUEST)** |
| MRB DIRECT, INC., a Nevada corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>NORTH BAY CREDIT UNION, a California nonprofit corporation; HIGHERGROWTH, LLC, a California limited liability company; and GREENBAX MARKETPLACE, INC., a California corporation,<br><br>Counter-Defendants. | |

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1

Pursuant to LR 26-3 and Fed. R. Civ. P. ("Rule") 6(b), Plaintiff North Bay Credit Union ("Plaintiff"), Defendant and Counter-Claimant[1] MRB Direct, Inc. ("MRBD"),  Defendant David Park ("Park", together with MRBD, "Defendants"), and Counter-Defendant HigherGrowth, LLC ("HigherGrowth," and together with Plaintiff, the "Counter-Parties," and collectively with Defendants the "Parties"), by and through their undersigned counsel of record, submit this *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Third Request).*[2]

1.    On September 29, 2025, Plaintiff and Defendants submitted a *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (First Request)* (the "First Stipulation") [ECF No. 136].

2.    On September 30, 2025, this Court entered an Order approving the *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (First Request)* (the "First Stipulated Order") [ECF No. 137].

3.    On March 2, 2026, Plaintiff and Defendants[3] submitted a *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Second Request)* (the "Second Stipulation") [ECF No. 144].

4.    On March 3, 2026, this Court entered an Order approving the *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Second Request)* (the "Second Stipulated Order") [ECF No. 145].

5.    In the Second Stipulated Order, the Court granted the following extensions to deadlines:

---

[1] The Counterclaims by MRBD against NBCU were dismissed.

[2] Because the Court recently partially lifted the stay of the counterclaims asserted against Counter-Defendant HigherGrowth, LLC, this is its first request for approval of a stipulation and order to extend certain discovery plan and scheduling order deadlines in the amended discovery plan and scheduling order.

[3] At the time of the Second Stipulation, a stay of claims asserted against HigherGrowth was in place.  As such, HigherGrowth was not a party to the Second Stipulation.  Plaintiff and Defendants acknowledged in the Second Stipulation that it was anticipated that a further amended scheduling order will be issued once the stay was lifted with new deadlines.

(1) Discovery Cut-Off: June 30, 2026

(2) Deadline to Amend Pleadings or Add Parties remained unchanged at October 24, 2025.

(3) Initial Expert Disclosure Deadline: August 11, 2026, only as to any issues raised for the first time in any counterclaims.

(4) Rebuttal Expert Disclosure Deadline: September 15, 2026, only as to any issues raised for the first time in any counterclaims, approximately four weeks after the new initial expert disclosure deadline.

(5) Deadline for the completion of all expert depositions: October 15, 2026.

(6) Dispositive Motions Deadline: November 12, 2026, which is 28 days after the close of discovery.

(7) Deadline to File Joint Pretrial Order: December 12, 2026, which is 30 days after the dispositive motions deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or order by the Court.

(8) FRCP 26(a)(3) Disclosures: December 12, 2026, which is 30 days after the dispositive motion deadline.

**A.    Discovery Completed to Date:**

1. Disclosures

   a. Plaintiff served its FRCP 26(a)(1) Initial Disclosures on November 15, 2023.

   b. Defendants served their Initial Disclosures Pursuant to FRCP 26(a)(1) on November 15, 2023.

   c. Plaintiff served its Initial Expert Disclosures on October 29, 2024.

…

…

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

2. Written Discovery

    a. Plaintiff served its First Set of Requests for Production of Documents on MRBD on December 5, 2023.

    b. Plaintiff served its First Set of Requests for Production of Documents on Park on December 5, 2023.

    c. Plaintiff served its First Set of Requests for Admissions on Park on December 5, 2023.

    d. Plaintiff served its First Set of Interrogatories on Park on December 5, 2023.

    e. MRBD served its First Set of Interrogatories to Plaintiff on December 8, 2023.

    f. MRBD served its First Set of Requests for Production to Plaintiff on December 8, 2023.

    g. Plaintiff served its responses to Defendants' First Set of Requests for Production of Documents on January 8, 2024.

    h. Plaintiff served its responses to MRBD's First Set of Interrogatories on January 8, 2024.

    i. MRBD served its responses to Plaintiff's First Set of Requests for Production of Documents on January 4, 2024.

    j. Park served his responses to Plaintiff's First Set of Requests for Production of Documents on January 4, 2024. Park served his responses to Plaintiff's First Set of Requests for Admissions on January 4, 2024.

    k. Park served his responses to Plaintiff's First Set of Interrogatories on January 4, 2024.

    l. MRBD served its Second Set of Requests for Production on Plaintiff on August 6, 2025, responses to which are due on October 1, 2025.

    m. NBCU served its Responses to MRBD and Park's Second Set of Requests for Production of Documents Set Two on October 1, 2025.

    n. NBCU served its Requests for Production of Documents, Set Two, to Defendant on December 24, 2025.

o. MRBD served its Response to Plaintiff's Second Set of Requests for Production (Nos. 12-17) on January 23, 2026.

p. NBCU served its Supplemental Responses to Defendant MRB Direct, Inc.'s Interrogatories, Set One on April 17, 2026.

q. MRBD served its First Set of Interrogatories to HigherGrowth, LLC on April 21, 202.

r. MRBD served its First Set of Requests for Production of Documents to HigherGrowth, LLC on April 21, 2026.

s. HigherGrowth, LLC served its Responses to MRBD's First Set of Interrogatories on May 21, 2026.

t. HigherGrowth, LLC served its Responses to MRBD's First Set of Requests for Production of Documents on May 21, 2026.

3. Subpoenas

a. MRBD served a subpoena on HigherGrowth on November 3, 2025, before HigherGrowth was a party.

b. HigherGrowth responded to the subpoena with objections on December 17, 2025.

4. Depositions

a. The Parties have not yet deposed any witnesses.

**B.    Discovery that Remains to be Completed.**

The Parties have been actively engaged in meet and confer communications related to certain of the discovery to date and continue to provide supplemental productions.  The Parties anticipate further exchanges of written discovery, supplementation in compliance with FRCP 26, and depositions of 30(b)(6) party witnesses, fact witnesses, and experts.

**C.    Good Cause Exists to Extend the Discovery Deadlines.**

This case involves complex issues and unique circumstances surrounding the cannabis industry.  Discovery deadlines remain pending.  The Parties agree that the deadlines in the current Scheduling Order do not provide enough time to complete discovery and disclosures related to the

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

pending claims.

The Parties agree that good cause exists to extend certain deadlines. Indeed, the Court only recently lifted the stay on the counterclaim against HigherGrowth. MRBD asserted counterclaims against HigherGrowth in this action, which were stayed and compelled to arbitration before the American Arbitration Association, Case No. 01-23-0003-3056. MRBD then asserted counterclaims against HigherGrowth in that arbitration (including some of the stayed counterclaims asserted in this action), but disputed whether certain of them were arbitrable . On February 12, 2026, the Arbitrator determined (the "Arbitration Ruling") that the breach of contract claim (which HigherGrowth contends is the breach of contract claim for misappropriation of trade secrets while MRBD disagrees with that contention) should proceed before this Court rather than in the Arbitration. MRBD then sought to lift the stay as to the breach of contract claim (the "Breach of Contract Counterclaim") and the claim for breach of the implied covenant of good faith and fair dealing (the "BOIC Counterclaim"). The Court granted that request as to the Breach of Contract Counterclaim, but denied it as to the BOIC Counterclaim.[4] The Parties disagree regarding the scope of the claims covered by the Arbitration Ruling.

Furthermore, the parties have been proceeding with meet and confer communications and actively seeking to resolve discovery disputes without Court intervention. Additional time is needed to complete these discussions, determine any additional discovery that may be needed based on the outcome thereof, and thereafter complete depositions.

Additionally, the Parties wish to align certain aspects of the discovery schedule with the remaining claims pending in Arbitration, and the parties to Arbitration expect to agree to a similar extension of discovery deadlines.

**D.     The Parties' Proposed Amended Schedule for Completing All Remaining Discovery:**

The Parties hereby stipulate and agree to extend certain of the deadlines set forth in the current Scheduling Order as follows:

…

---

[4] MRBD intends to seek relief in Arbitration, to the extent necessary, to proceed with the Implied Covenant Claim in this action.

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

a.  The close of discovery deadline, other than with respect to experts, will be extended to **October 28, 2026;**

b.  The deadline to amend pleadings or add parties to the current pleadings will remain unchanged at **October 24, 2025;**

c.  The deadline for initial expert disclosures, only as to any issues raised for the first time in any counterclaims, will be extended to **December 9, 2026**.  The Parties propose this deadline, which is later than what is presumed under LR 26-1(b)(3), to provide closer consistency with the order that the parties anticipate will be entered in the Arbitration.  For the avoidance of doubt, nothing herein shall extend or re-open the already expired initial expert disclosure deadline with respect to the Complaint;

d.  The deadline for rebuttal expert disclosures to rebut any expert disclosure permitted pursuant to the preceding paragraph will be extended to **January 13, 2027,** approximately four weeks after the new initial expert disclosure deadline. For the avoidance of doubt, nothing herein shall extend or re-open the already expired rebuttal expert disclosure deadline with respect to the Complaint;

e.  The deadline for the completion of all expert depositions shall be **February 12, 2027**;

f.  The deadline to file dispositive motions will be **March 12, 2027,** which is 28 days after the  deadline for completion of expert depositions and the close of all discovery;

g.  The deadline for the joint pretrial order will be **April 11, 2027,** which is 30 days after the dispositive motion deadline.  If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order; and

h.  The deadline for FRCP 26(a)(3) disclosures will be **April 11, 2027,** which is 30 days after the dispositive motion deadline.

…

Garman Turner
Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7

For these reasons, the Parties jointly request that the Court enter an order giving effect to their agreement.

IT IS SO STIPULATED.

Dated this 27th day of May 2026.

GARMAN TURNER GORDON LLP

/s/ Teresa M. Piltowicz
DYLAN T. CICILIANO
NV Bar No. 12348
TERESA M. PILATOWICZ
NV Bar No. 9605
J. SEAN BENEVENTO
NV Bar No. 16498
7251 Amigo Street, Suite 210
Las Vegas, NV 89119

*Attorneys for Defendants MRB Direct, Inc. and David Park. and Counter-Claimant MRB Direct, Inc.*

Dated this 27th day of May 2026.

BUCHALTER, PC

/s/ David E. Mark
CHERYL M. LOTT *(Pro Hac Vice)*
CA Bar No. 232548
MATTHEW L. SEROR *(Pro Hac Vice)*
CA Bar No. 235043
DAVID E. MARK *(Pro Hac Vice)*
CA Bar No. 247283
TIA M. GONZALEZ *(Pro Hac Vice)*
CA Bar No. 338988
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730

GORDON REES SCULLY MANSUKHANI
SEAN P. FLYNN
NV Bar No. 15408
TOMIKO A. ORTIZ
NV Bar No. 16599
East Liberty Street, Suite 424
Reno, NV 89501

*Attorneys for Plaintiff, North Bay Credit Union, and Counter-Defendant, HigherGrowth, LLC*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
DATED: May 28, 2026

8