GARMAN TURNER GORDON LLP
DYLAN T. CICILIANO
NV Bar No. 12348
Email: dcicliano@gtg.legal
TERESA M. PILATOWICZ
NV Bar No. 9605
Email: tpilatowicz@gtg.legal
J. SEAN BENEVENTO
NV Bar No. 16498
Email: jsbenevento@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Defendants MRB Direct, Inc. and David Park.*
*and Counter-Claimant MRB Direct, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NORTH BAY CREDIT UNION, a California nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MRB DIRECT, INC., a Nevada corporation; DAVID PARK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-00212-MMD-CSD<br><br>ORDER GRANTING<br><br>**STIPULATION AND ORDER TO EXTEND CERTAIN DISCOVERY PLAN AND SCHEDULING ORDER DEADLINES IN AMENDED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(FOURTH REQUEST)** |
| MRB DIRECT, INC., a Nevada corporation,<br><br>Counter-Plaintiff,<br><br>v.<br><br>NORTH BAY CREDIT UNION, a California nonprofit corporation; HIGHERGROWTH, LLC, a California limited liability company; and GREENBAX MARKETPLACE, INC., a California corporation,<br><br>Counter-Defendants. | |

Pursuant to LR 26-3 and Fed. R. Civ. P. ("Rule") 6(b), Plaintiff North Bay Credit Union ("Plaintiff"), Defendant and Counter-Claimant[1] MRB Direct, Inc. ("MRBD"), Defendant David Park ("Park", together with MRBD, "Defendants"), and Counter-Defendant HigherGrowth, LLC ("HigherGrowth," and together with Plaintiff, the "Counter-Parties," and collectively with Defendants the "Parties"), by and through their undersigned counsel of record, submit this *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Fourth Request).*

1. On September 29, 2025, Plaintiff and Defendants submitted a *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (First Request)* (the "First Stipulation") [ECF No. 136].

2. On September 30, 2025, this Court entered an Order approving the *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (First Request)* (the "First Stipulated Order") [ECF No. 137].

3. On March 2, 2026, Plaintiff and Defendants[2] submitted a *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Second Request)* (the "Second Stipulation") [ECF No. 144].

4. On March 3, 2026, this Court entered an Order approving the *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Second Request)* (the "Second Stipulated Order") [ECF No. 145].

5. On May 27, 2026, Plaintiff and Defendants submitted a *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan and Scheduling Order (Third Request)* (the "Third Stipulation") [ECF No. 153].

6. On May 28, 2026, this Court entered an Order approving the *Stipulation and Order to Extend Certain Discovery Plan and Scheduling Order Deadlines in Amended Discovery Plan*

---

[1] The Counterclaims by MRBD against NBCU were dismissed.

[2] At the time of the Second Stipulation, a stay of claims asserted against HigherGrowth was in place. As such, HigherGrowth was not a party to the Second Stipulation. Plaintiff and Defendants acknowledged in the Second Stipulation that it was anticipated that a further amended scheduling order will be issued once the stay was lifted with new deadlines.

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

*and Scheduling Order (Third Request)* (the "Third Stipulated Order") [ECF No. 154].

7. In the Third Stipulated Order, the Court granted the following extensions to deadlines:

(1) Discovery Cut-Off: October 28, 2026

(2) Deadline to Amend Pleadings or Add Parties remained unchanged at October 24, 2025.

(3) Initial Expert Disclosure Deadline: December 9, 2026, only as to any issues raised for the first time in any counterclaims.

(4) Rebuttal Expert Disclosure Deadline: January 13, 2027, only as to any issues raised for the first time in any counterclaims, approximately four weeks after the new initial expert disclosure deadline.

(5) Deadline for the completion of all expert depositions: February 12, 2027.

(6) Dispositive Motions Deadline: March 12, 2026, which is 28 days after the close of discovery.

(7) Deadline to File Joint Pretrial Order: April 11, 2027, which is 30 days after the dispositive motions deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or order by the Court.

(8) FRCP 26(a)(3) Disclosures: April 11, 2027, which is 30 days after the dispositive motion deadline.

**A. Discovery Completed to Date:**

1. Disclosures

a. Plaintiff served its FRCP 26(a)(1) Initial Disclosures on November 15, 2023.

b. Defendants served their Initial Disclosures Pursuant to FRCP 26(a)(1) on November 15, 2023.

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

c. Plaintiff served its Initial Expert Disclosures on October 29, 2024.

2. Written Discovery

a. Plaintiff served its First Set of Requests for Production of Documents on MRBD on December 5, 2023.

b. Plaintiff served its First Set of Requests for Production of Documents on Park on December 5, 2023.

c. Plaintiff served its First Set of Requests for Admissions on Park on December 5, 2023.

d. Plaintiff served its First Set of Interrogatories on Park on December 5, 2023.

e. MRBD served its First Set of Interrogatories to Plaintiff on December 8, 2023.

f. MRBD served its First Set of Requests for Production to Plaintiff on December 8, 2023.

g. Plaintiff served its responses to Defendants' First Set of Requests for Production of Documents on January 8, 2024.

h. Plaintiff served its responses to MRBD's First Set of Interrogatories on January 8, 2024.

i. MRBD served its responses to Plaintiff's First Set of Requests for Production of Documents on January 4, 2024.

j. Park served his responses to Plaintiff's First Set of Requests for Production of Documents on January 4, 2024. Park served his responses to Plaintiff's First Set of Requests for Admissions on January 4, 2024.

k. Park served his responses to Plaintiff's First Set of Interrogatories on January 4, 2024.

l. MRBD served its Second Set of Requests for Production on Plaintiff on August 6, 2025, responses to which are due on October 1, 2025.

m. NBCU served its Responses to MRBD and Park's Second Set of Requests for Production of Documents Set Two on October 1, 2025.

n. NBCU served its Requests for Production of Documents, Set Two, to

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

Defendant on December 24, 2025.

o. MRBD served its Response to Plaintiff's Second Set of Requests for Production (Nos. 12-17) on January 23, 2026.

p. NBCU served its Supplemental Responses to Defendant MRB Direct, Inc.'s Interrogatories, Set One on April 17, 2026.

q. MRBD served its First Set of Interrogatories to HigherGrowth, LLC on April 21, 202.

r. MRBD served its First Set of Requests for Production of Documents to HigherGrowth, LLC on April 21, 2026.

s. HigherGrowth, LLC served its Responses to MRBD's First Set of Interrogatories on May 21, 2026.

t. HigherGrowth, LLC served its Responses to MRBD's First Set of Requests for Production of Documents on May 21, 2026.

u. NBCU served its Supplemental Responses to MRB Direct, Inc's Interrogatories, Set One on July 28. 2026.

v. HigherGrowth, LLC served its Supplemental Responses to MRB Direct, Inc's Requests for Production of Documents, Set One on July 28, 2026.

w. HigherGrowth, LLC served its Supplemental Responses to MRB Direct, Inc's Interrogatories, Set One on July 28, 2026.

3. Subpoenas

a. MRBD served a subpoena on HigherGrowth on November 3, 2025, before HigherGrowth was a party.

b. HigherGrowth responded to the subpoena with objections on December 17, 2025.

4. Depositions

a. The Parties have not yet deposed any witnesses.

**B. Discovery that Remains to be Completed.**

The Parties have been actively engaged in meet and confer communications related to

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

certain of the discovery to date and continue to provide supplemental productions. The Parties anticipate further exchanges of written discovery, supplementation in compliance with FRCP 26, and depositions of 30(b)(6) party witnesses, fact witnesses, and experts.

**C. Good Cause Exists to Extend the Discovery Deadlines.**

This case involves complex issues and unique circumstances surrounding the cannabis industry. Discovery deadlines remain pending. The Parties agree that the deadlines in the current Scheduling Order do not provide enough time to complete discovery and disclosures related to the pending claims.

The Parties agree that good cause exists to extend certain deadlines. Indeed, the Court only recently lifted the stay on the counterclaim against HigherGrowth, and only recently denied a motion to dismiss the claim asserted therein.

Furthermore, the parties have been proceeding with meet and confer communications and actively seeking to resolve discovery disputes without Court intervention. Additional time is needed to complete these discussions, determine any additional discovery that may be needed based on the outcome thereof, and thereafter complete depositions.

Additionally, the Parties have agreed to extend certain deadlines in their arbitration discovery schedule, and the parties wish to keep the dates aligned.

**D. The Parties' Proposed Amended Schedule for Completing All Remaining Discovery:**

The Parties hereby stipulate and agree to extend certain of the deadlines set forth in the current Scheduling Order as follows:

a. The close of discovery deadline, other than with respect to experts, will be extended to **December 12, 2026;**

b. The deadline to amend pleadings or add parties to the current pleadings will remain unchanged at **December 20, 2025;**

c. The deadline for initial expert disclosures, only as to any issues raised for the first time in any counterclaims, will be extended to **January 23, 2027**. The Parties propose this deadline, which is later than what is presumed under LR 26-1(b)(3), to provide closer consistency with the order that the parties anticipate will be entered

in the Arbitration. For the avoidance of doubt, nothing herein shall extend or re-open the already expired initial expert disclosure deadline with respect to the Complaint;

d. The deadline for rebuttal expert disclosures to rebut any expert disclosure permitted pursuant to the preceding paragraph will be extended to **February 27, 2027,** approximately four weeks after the new initial expert disclosure deadline. For the avoidance of doubt, nothing herein shall extend or re-open the already expired rebuttal expert disclosure deadline with respect to the Complaint;

e. The deadline for the completion of all expert depositions shall be **March 29, 2027**;

f. The deadline to file dispositive motions will be **April 26, 2027,** which is 28 days after the deadline for completion of expert depositions and the close of all discovery;

g. The deadline for the joint pretrial order will be **May 26, 2027,** which is 30 days after the dispositive motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after the decision on the dispositive motions or further court order; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

h. The deadline for FRCP 26(a)(3) disclosures will be **May 26, 2027,** which is 30 days after the dispositive motion deadline.

For these reasons, the Parties jointly request that the Court enter an order giving effect to their agreement.

IT IS SO STIPULATED.

Dated this 1st day of October 2026.

GARMAN TURNER GORDON LLP

*/s/ Teresa M. Pilatowicz*
DYLAN T. CICILIANO
NV Bar No. 12348
TERESA M. PILATOWICZ
NV Bar No. 9605
J. SEAN BENEVENTO
NV Bar No. 16498
7251 Amigo Street, Suite 210
Las Vegas, NV 89119

*Attorneys for Defendants MRB Direct, Inc. and David Park. and Counter-Claimant MRB Direct, Inc.*

Dated this 1st day of October 2026.

BUCHALTER, PC

*/s/ David E. Mark*
CHERYL M. LOTT *(Pro Hac Vice)*
CA Bar No. 232548
MATTHEW L. SEROR *(Pro Hac Vice)*
CA Bar No. 235043
DAVID E. MARK *(Pro Hac Vice)*
CA Bar No. 247283
TIA M. GONZALEZ *(Pro Hac Vice)*
CA Bar No. 338988
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730

GORDON REES SCULLY MANSUKHANI
SEAN P. FLYNN
NV Bar No. 15408
TOMIKO A. ORTIZ
NV Bar No. 16599
East Liberty Street, Suite 424
Reno, NV 89501

*Attorneys for Plaintiff, North Bay Credit Union, and Counter-Defendant, HigherGrowth, LLC*

**ORDER**

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE
DATED: October 2, 2026